H. C. McIntire vs. Harriet C. Chappell — Writ of Error from Washington County.

By the laws of Spain and our statute controlling marital rights, the wife is disqualified from prosecuting and defending actions, without the authorization or joinder of her husband, except in certain cases specially provided for by law.

The general rule being that suit must be brought in the name of the husband, or of the husband and wife jointly, the exception which allows the suit to be brought in the name of the wife alone must be positively averred and proved.

It is not necessary to obtain the *authority* of the court for the wife to sue separately from her husband, previous to the institution of the suit. When the facts are shown to exist which give her the right to sue, the permission to do so will always be presumed. It is a matter of right, of which she cannot be deprived. [4 Tex. 283; 9 Tex. 297.]

*Webb*, for plaintiff in error.
*Gillespie*, for defendant in error.

Mr. Chief Justice Hemphill delivered the opinion of the court, stating the facts upon which the only question presented here for adjudication was predicated.

The note, which was the foundation of this action, was executed in favor of the defendant in error by the plaintiff, and suit was brought in her name. Her marriage at and before the commencement of the suit was pleaded in abatement, and to this it was replied that her husband had refused [**379**] to join her in the action. An exception was taken to the admission of the replication, but was overruled. In this we think there was error.

As well by the laws of Spain as the statutes now controlling marital rights, the wife on marriage is disqualified from prosecuting and defending actions, without the authorization or joinder of her husband, except in certain cases specially provided for by law. In the 9th section of the act to adopt the common law of England, laws of 1840, p. 3, the powers of the husband and wife in relation to suits for the property of the wife, are declared in the following terms:

" The husband may sue either alone or jointly with his wife, for the recovery of any of the effects of the wife, and in case he fail or neglect to do so, she may, by the authority of the court, sue for such effects in her own name."

The general rule then being that suit must be brought in the name of the husband alone, or of the husband and wife jointly, the grounds of the exception to the rule which authorizes the action to be prosecuted in the name of the wife separately ought to be positively averred and proven.

Without such averment and proof, the binding obligation of the judgment, if rendered against the wife, would be at least very questionable.

But apart from any of the consequences which might result from permitting suits to be carried in the names of persons who are not legally qualified *stare in judicio*, it seems to be a doctrine founded as well in reason as in law, that where a party is permitted only on special grounds to prosecute or defend an action, that these should be averred and shown to the court as being necessary to the exercise of its jurisdiction over the case.

But though the facts on which the authorization is founded should be proven, we are not of opinion that any previous

permission of the court is necessary to support the action. The facts should be established for the security of the defendant, [380] and the protection of the court against the rendition of invalid judgments; but to institute a separate proceeding for the purpose of obtaining the authority of the court to bring the suit would seem to be unnecessary, and would, without any sufficient reason, embarrass the wife in the prosecution of her just rights.

The permission to sue is a necessary incident of the facts which justify the prosecution of the suit in the name of the wife. It is a matter of right, and can be granted as well during the progress as before the commencement of the action. No specific or express grant of power is in fact necessary. It will always be presumed where the facts are such as authorize the action to be maintained.

The plea in abatement should have been sustained, and the plaintiff permitted to amend her petition. The laws of Spain and Louisiana are somewhat analogous in their provisions to those of the 9th section, and I refer to some authorities where the subject is discussed. 10 L. R. 570; 2 Rob. p. 1; Febrero Novissimo, 4 vol. p. 14, section 24; El Diccionario, p. 434, verbo Muger Casada.

It is ordered that the judgment of the court below be reversed, and the cause remanded with instructions to sustain the plea in abatement, and permit the plaintiff, if she will, to amend her petition.

---

[381] Thomas H. Duggan vs. James Cole — Appeal from Travis County.

A record which was not sent up with or certified as a part of the transcript of the cause before this court, ought not to be noticed for any purpose, in the adjudication of the cause in this court. [11 Tex. 39; 28 Tex. 263.]

When the defendant sets up the statute of limitations as a defense, the burthen of proof is on him to show that the action was barred at the time of commencing the suit.[1]

---

[1] Note by Reporters.— Does this affect the principle, that the plaintiff is bound to show in his petition, that he has a legal and subsisting right, or cause of action? See Coles v. Kelsey, decided at the present term.