MRS. JOHN G. HOLLOWAY v. W. E. SHUTTLES ET AL.

Decided April 8, 1899.

1. **Community Property—Stock of Goods.**

   Goods owned by the husband before marriage do not become community property after marriage where they have undergone no change in character or value, and where no community funds have been invested in them.

2. **Wife as Creditor of Husband—Receivership.**

   A wife abandoned by the husband, who is her debtor, can not by the equitable proceeding of receivership sequester from his fraudulent vendee property which was his separate estate and upon which she has no lien.

APPEAL from Dallas. Tried below before Hon. W. J. J. SMITH.

*Kearby, Muse & Oeland,* for appellant.

*Frank Reeves* and *Hudson & Woody,* for appellee.

FINLEY, CHIEF JUSTICE.—This case is appealed upon an agreed statement of the pleadings and proof, under article 1014 of the Revised Statutes. The agreed statement is as follows:

"This suit was brought by Mrs. John G. Holloway, appellant here, in the District Court of Dallas County, against her husband, John G. Holloway, G. R. Holloway, and W. E. Shuttles, appellee. Mrs. Holloway and Shuttles both complain of the judgment, and John G. Holloway and G. R. Holloway not complaining of the judgment, the pleadings and proof, as it pertains to them, will be omitted, except so far as it may have a bearing upon the issues between appellant and appellee.

"Appellant, in her petition, alleged her marriage with John G. Holloway on February 27, 1897, in Dallas, Texas, and his abandonment of her on April 2, 1897, and his subsequent and continued abandonment and absence in England. The delivery by her, to her husband, after their marriage, of $255 in money, and jewelry of the value of $350, her separate property, which was used by him in the retail grocery business, in which he was engaged at the time of her marriage, and until his said abandonment. That defendant Shuttles, after the abandonment of her by her husband, had obtained possession, and had continued until now in the possession, of said stock of groceries and a lot of horses, harness, and delivery wagons, worth $2000, and transferred to him notes and accounts of the value of $1500, and all of which was the community property of herself and husband, John G. Holloway. That said Shuttles was in possession of said property as the agent or trustee of her husband, and had made a pretended purchase thereof from her said husband, but that said purchase by Shuttles was made for the sole purpose of defrauding appellant; that the sale was colorable, fictitious, and fraudulent, for a grossly inadequate consideration, and made for the sole purpose of defrauding appellant out of her money and out of her community interest in said property. She also alleged that appellee and her husband, Holloway, were irresponsible and insolvent, and asked for appointment of a receiver.

"Appellant prayed that upon final trial all of said property be decreed to her, or that she have judgment for one-half thereof, being her community interest therein, or that she have judgment for her said debt, and that the same be directed to be paid out of said property.

"The appellee answered by a general denial, and specially that none of said property was the separate property of appellant, nor the community property of appellant and appellee; but that all of it was the individual and separate property of John G. Holloway, and that the appellee was a bona fide purchaser thereof for value."

Statement of Facts Proven.—"1. On February 25, 1897, plaintiff and her husband, John G. Holloway, were married in Dallas, Texas, and lived together as man and wife until April 2, 1897, when he left and abandoned plaintiff and went to England, with the intention of permanently abandoning her, and has lived there continuously since.

"2. Soon after their marriage, and before such abandonment, plaintiff loaned her said husband $255 in money, and gave him her jewelry to use, which was of the value of $320, no part of which, said money or jewelry, has ever been repaid to plaintiff by her said husband. Defendant Holloway owned no property of any kind, and had no income, except as herein stated. Plaintiff was then, and now is, insolvent.

"3. At the time of the plaintiff's marriage, defendant Holloway owned a stock of groceries, and at said time, as well as for several years prior thereto, was and had been engaged in the business of buying and selling family groceries at retail. After his marriage he continued in that business at the same place until abandonment of plaintiff, on April 2, 1897.

"He carried on his business after marriage just as he did before marriage. He purchased goods, sometimes on credit and sometimes paid cash therefor, and sold at retail, both for cash and on credit, and as the stock of goods was depleted by sales, he replenished the same by purchase. On April 2, 1897, when defendant Holloway sold said stock of groceries to W. E. Shuttles, hereinafter referred to, the value thereof was the same as at the time of the marriage of plaintiff and said Holloway.

"On April 2, 1897, defendant Holloway sold to defendant Shuttles said stock of groceries, also some open accounts for goods that had been sold by said Holloway, partly before and partly after his marriage. He also, on said date, sold Shuttles some horses, wagons, fixtures and furniture which were owned by him, Holloway, prior to the time of the marriage. The consideration paid by Shuttles for said stock of groceries, open accounts, horses, wagons, fixtures and furniture, etc., was $529.98. This consideration was paid partly in cash, and the balance consisted in the assumption by said Shuttles of the payment of the sum of $329.98, which was the community indebtedness of the said Holloway and his wife for goods that had been purchased by him during his marriage.

"The reasonable market value of said stock of groceries was $1200; of the open accounts $691, and of the horses, wagons, fixtures, etc., $359, making the total value of said property and accounts $2250. John G. Holloway sold appellant's jewelry, receiving the value therefor in cash, the greater part of which, as well as the greater part of the money loaned to said Holloway by appellant, was used by him in his business after his marriage and prior to the sale to Shuttles. In making said sale to Shuttles it was the intention of the said John G. Holloway, at the time thereof, to defraud his said wife, and defendant Shuttles knew of such intention at the time of his purchase. The value of the accounts of John G. Holloway at the time of his marriage was the same as their value at the time of the sale thereof to said Shuttles. The indebtedness of John G. Holloway, which the defendant Shuttles assumed to pay, was paid by said Shuttles, and was the entire indebtedness of every kind of the said Holloway, except his indebtedness to plaintiff.

"4. The net profits arising from the business after the marriage until the time of the abandonment of plaintiff by defendant Holloway, amounted to $84. What is meant by net profits are profits left after the payment of clerk's hire, house rent, and all other expenses incurred in said business.

"5. As a part of the consideration for the conveyance of the goods and property to him, W. E. Shuttles assumed in his purchase the payment of community indebtedness of Holloway and wife, in the sum of $329.98, being for unpaid goods purchased by Holloway during his marriage.

"6. On July —, 1897, the court heard plaintiff's application for the appointment of a receiver as contained in her original petition, and on said date the court rendered the following judgment on said application: 'Be it remembered that on this day came on to be heard the application of

plaintiff, Mrs. John G. Holloway, for the appointment of a receiver; and the evidence and argument for the plaintiff and defendants being fully heard and by the court understood, it is the opinion of the court that the plaintiff is entitled to the appointment of a receiver to take charge of the property described in the plaintiff's petition, in order to protect plaintiff's community interest therein. It is the opinion of the court that plaintiff in her capacity of creditor is not entitled to the appointment of a receiver, as she has an adequate remedy at law.'

"And the court announced that a receiver would be appointed, unless defendant Shuttles deposited in the registry of the court the sum of $500, subject to the order of the court, to abide the further orders and judgments in said cause; the said $500 to be held as though realized from said receivership, and subject to such orders and judgment as if in receivership; and W. E. Shuttles on that day did deposit in the registry of this court said sum of $500, to abide whatever judgment the plaintiff might recover, and to escape the appointment of a receiver herein

"It was thereupon ordered by the court that the injunction herein against said W. E. Shuttles be dissolved, and said receivership be denied and overruled, and that said $500 deposited in the registry of the court should abide any judgment in behalf of the plaintiff, and the further order of the court. But it was provided by the decree that should the judgment in favor of the plaintiff exceed $500, this decree should not in any wise affect such recovery.

"7. The defendant Shuttles was not insolvent on the date of his purchase from John G. Holloway, and has never been insolvent at any time since said date.

"8. The court rendered judgment for the plaintiff against the defendant Shuttles for the sum of $42 and all costs of suit, and directed the clerk to pay the same out of the money in his hands in the registry of the court. From said judgment plaintiff appeals, and defendant Shuttles being dissatisfied also with said judgment, files cross-assignment of errors.

"Plaintiff contends that judgment should have been rendered in her favor against W. E. Shuttles for the full amount of her claim, with interest and costs, and that the amount of money deposited by Shuttles should be applied to that extent in payment thereof, and that she should have recovered the property, or her community interest, if any therein, or its value and $500 paid to her pro tanto thereon. Defendant Shuttles contends that judgment should have been rendered in his favor.

"The sole issue submitted to the court, by agreement upon this appeal, is the contention, respectively, of the plaintiff and the defendant Shuttles; and it is agreed that if neither of them is right, said judgment shall be affirmed. If either of them is right, then the judgment of the lower court shall be reversed and judgment here rendered in favor of the plaintiff, or defendant, whose contention the appellate court may sustain, with appropriate judgment for costs. No facts or issues shall be considered by the appellate court, except those embraced and agreed upon herein."

*Opinion.*—1. The first question which arises is, was the stock of goods, accounts, horses, and vehicles the separate property of John G. Holloway at the time of the sale to Shuttles, or was it the community property of himself and wife? If it was the separate property of the husband, the wife had no such interest in it as would entitle her to recover it, or any part of it, from the fraudulent vendee of the husband, who had abandoned her. At the time of the marriage the husband owned and conducted the business. The stock of goods and accounts were of the same value five weeks later, when he made the sale and deserted the wife. The horses and vehicles were owned by the husband when he married. There had been sales and purchases of goods in stock between the dates of the marriage and the sale and desertion; but the business underwent no change in character or value. It was not shown that any community funds went into the business. Under these circumstances, can it be said that the stock of goods, accounts, etc., became transformed from the separate property of the husband to that of the community? This conclusion could only be reached by indulging the presumption that community funds had taken the place of the separate capital invested in the business at the time of the marriage. As stated, there is no evidence that such was the case, unless the fact that $84, net profits, were made during that time should be considered as furnishing it. It does not even appear that such profits were reinvested in the business. Upon this state of case we would not be warranted in indulging the presumption that community funds went into the business, and we feel constrained to hold that the property was the separate property of the husband at the time of the sale to Shuttles. Schmidt v. Huppmann, 73 Texas, 112; Cochran v. Sonnen, 26 S. W. Rep., 521; Medlenka v. Downing, 59 Texas, 57; McDougal v. Bradford, 80 Texas, 565.

2. Could the wife by resorting to the equitable proceeding of receivership sequester the property from a fraudulent vendee and have it applied to the satisfaction of her just claim against the husband? It is quite clear that a simple creditor can not secure the appointment of a receiver over his debtor's property and have it applied to the satisfaction of his debt. He must first acquire a specific interest in the property. Waples-Platter Co. v. Mitchell, 12 Texas Civ. App., 90.

It has been held that the wife who holds a debt against the husband possesses the same remedial rights as other creditors. Ryan v. Ryan, 61 Texas, 474. She could have in this instance sued the husband on her demands against him, attached the property in the hands of the fraudulent vendee, and had it applied to her debt against the husband. A like result could have been secured by garnishment proceedings. If, then, she has all the remedial rights of other creditors, the principles applying to simple creditors generally should govern in this case. In Carter v. Hightower, 79 Texas, 136, it is held that a simple creditor can not invoke the equitable proceeding of a receivership and by that means have the property of the debtor applied to the payment of his debt. The appointment of a receiver does not create any lien upon the property in favor of

the creditor, or give him any specific interest therein.  On the contrary, the object of such appointment is to preserve pre-existing rights in the property.  Mrs. Holloway had no character of lien upon the property, was a simple creditor of the husband, and was in no attitude to question the validity of the sale to Shuttles.  Her remedy was plain and complete, but she has mistaken it and resorted to an equitable proceeding in which she has no standing.

As she had no community interest in the property and no lien upon it, she was not entitled to have the property subjected to her debt.  Shuttles was not shown to be personally liable to her, and she was therefore not entitled to any judgment against him.

Judgment reversed and here rendered for appellee.

*Reversed and rendered.*