## S. G. GONZALES v. L. M. GONZALES.

No. 4120.   Decided November 30, 1927.
(300 S. W., 20).

*Davis, Jackson & Fryer,* for plaintiff in error.

A wife cannot maintain an action for debt against the husband during coverture to reimburse her sole and separate estate for money spent out of said estate for her maintenance and support. Revised Statutes, Art. 2972; Trevino v. Trevino, 63 Texas, 650; Burns v. Burns, 126 S. W., 333; Turner v. Turner, 204 S. W., 133.

*A. W. Norcop,* for defendant in error.

A married woman during coverture may sue her husband for the protection and conservation of her separate estate, and for the vindication of her rights with respect thereto, and is entitled to the same remedies as any other litigant. Dority v. Dority, 96 Texas, 215, 71 S. W., 950–953; Martin Brown Co. v. Perrill, 77 Texas, 199, 13 S. W., 975; Ryan v. Ryan, 61 Texas, 473; Hall v. Hall, 52 Texas, 298; Price v. Cole, 35 Texas, 461; O'Brien v. Hilburn, 9 Texas, 297; Barton v. Barton, 190 S. W., 192; Fox v. Fox, 179 S. W., 886; Heintz v. Heintz, 120 S. W., 941; Holloway v. Shuttles, 51 S. W., 293; McKee v. Popular, 240 S. W., 567.

The wife may sue her husband and recover from him the amount she has been required to advance out of her separate estate for necessaries, where he has refused to provide the same. 21 Cyc., 1151, 1217; Black v. Bryan, 18 Texas, 453; Speer, Marital Rights in Texas, Ed. 1916, 92; Dallas Ry. v. Specker, 61 Texas, 427; McKee v. Popular, 240 S. W., 567; De Brauwere v. De Brauwere, 38 L. R. A. (N. S.), 508; Sodowsky v. Sodowsky, 162 Pac., 390; Pearson v. Pearson, 173 N. Y. Supp., 563; In re: Rasanke, 162 N. W., 1060.

Mr. Judge NICKELS delivered the opinion of the Commission of Appeals, Section A.

The Honorable Court of Civil Appeals for the Eighth District has certified the following:

"Defendant in error sued the plaintiff in error in the Justice Court to recover the sum of $196.00, the action being for debt, and recovered. Upon appeal to the County Court at Law of El Paso County she again recovered, and from the latter judgment this writ of error was prosecuted.

"The agreed facts are as follows:

" 'Plaintiff and defendant on and prior to January 1, 1921, and at all times since, have been and are now husband and wife. That on or about January, 1922, the defendant without cause, deserted and abandoned plaintiff, and since said time, has not resided with

her; that from January 1, 1922, to August 27, 1922, defendant provided plaintiff with, and paid to her, thirty dollars per week for the support of herself; that since August 27, 1922, defendant has provided nothing whatever for the support of plaintiff, nor has he made available to her any source from which she could or was authorized to purchase on his account or on credit, such necessaries as she required for the support and maintenance of herself; that since August 27, 1922, defendant has refused to provide in any way whatever for the necessary support and maintenance of plaintiff; that between August 27, 1922, and September 23, 1922, both dates inclusive, plaintiff paid out of her separate funds and estate for necessaries for herself, twenty-eight dollars per week, making a total of $196.00 by which amount her separate estate has been diminished, and reduced in value; that the expenditures so made by her were reasonable, necessary and proper, both in amount and character of purchase, bearing in mind and having reference to the station in life of herself and the defendant during said period; that during said period defendant had and now has under his control the management and operation of the entire community estate belonging to plaintiff and defendant, and being of the value of not less than forty thousand dollars; that plaintiff during said period, for good and sufficient reasons, was unable to work or to earn any money, and that the defendant at and prior to the institution of this suit, in the court below and at all times since, although demand was made therefor by plaintiff, has failed and refused and now fails and refuses to repay to plaintiff the said sum of $196.00 or any part thereof.'

"This court reversed and rendered the judgment of the court below, holding that the action could not be maintained.

"The case is now pending in this court upon rehearing.

"This court deems it advisable to present to the Supreme Court for adjudication under Art. 1619, R. S., the following questions of law arising in the case, viz.:

"FIRST. Is the defendant in error precluded from maintaining the action because of the existence of the marriage relation between herself and the plaintiff in error?

"SECOND. If the foregoing question be answered in the negative, then is the defendant in error entitled to recover under the agreed facts?"

The questions propounded pertain both to the existence, or not, of a cause of action and to litigable capacity thereon directly inhering in the wife. The fusing of those inquiries elsewhere, no doubt, has

led to confusion of ideas about the exact meaning of some decisions rendered by the courts of this and other jurisdictions. Distinctive nature for each of the questions may be illustrated by calling attention to the fact that, under the common law, a right of action in behalf of the wife might exist contemporaneously with her individual lack of power to sue upon it; the action, however, was justiciable, but it was so vicariously—that is to say, her representative had to sue in her stead or conjointly with her. And this indirection, it seems, was required also by Spanish law, which for a period at least exerted some influence upon our jurisprudence. McIntire v. Chappell, 2 Texas, 378.

Most of the cases usually thought to have some bearing upon a matter such as is exhibited by this record, in reality, involved the mere question of whether the circuity of action, in respect to proper parties plaintiff, was still required in situations like the ones there disclosed, and did not include contentions that no causes of action existed. This is true of McIntire v. Chappell, supra; O'Brien v. Hilburn, 9 Texas, 298; Martin Brown Co. v. Perrill, 77 Texas, 199, 13 S. W., 975; Heintz v. Heintz, 56 Texas Civ. App., 403, 120 S. W., 941; Shaw v. Shaw, 50 Texas Civ. App., 363, 111 S. W., 223; Dority v. Dority, 96 Texas, 215, 71 S. W., 950, 60 L. R. A., 941; Ryan v. Ryan, 61 Texas, 473; Barton v. Barton (Texas Civ. App.), 190 S. W., 192; Fox v. Fox (Texas Civ. App.), 179 S. W., 883, 886; Holloway v. Shuttles, 21 Texas Civ. App., 188, 51 S. W., 293. In all such cases the efforts of the wife had for their purpose the recovery or protection of the separate property and property rights acquired in virtue of constitutional and statutory provisions independent of, and despite, the marital relation. For such purposes the cases hold that the wife may with equal right sue the husband or third parties. For comparable purposes, it has been held that the husband may sue the wife. McCartney v. McCartney, 93 Texas, 359, 55 S. W., 310; Newman v. Newman (Texas Civ. App.), 86 S. W., 635. And in reality upon the same principle in Nickerson v. Nickerson, 65 Texas, 281, it was ruled that the wife could sue a person (not her husband) upon a cause of action sounding in tort. The suable authority thus recognized was summed up and re-declared in the Married Woman's Rights Law of 1913 (Chap. 3, Title 75, R. S., 1925). Whitney Hardware Co. v. McMahan, 111 Texas, 242, 231 S. W., 694.

The cases mentioned, while primarily involving the matter of litigable capacity in the wife, illustrate the nature of the causes of

action which exist in her behalf, pending divorcement. In every case where the cause of action was against the husband it was based upon an obligation created directly by him, such as the borrowing of money separately owned by the wife (as in Price v. Cole, 35 Texas, 461, and Hall v. Hall, 52 Texas, 298) or conversion or fraudulent mismanagement of property so owned (as in Dority v. Dority, supra). The claimed right of action in tort against the husband was directly repudiated in Nickerson v. Nickerson, supra, as was the asserted right to recover against him upon the "marriage contract" in Gowin v. Gowin (Texas Civ. App.), 264 S. W., 529. And in Trevino v. Trevino, 63 Texas, 650, a petition and prayer by the wife against the husband for judgment requiring him to pay her, monthly, a sum for support (after he had abandoned her and had unsuccessfully sued for divorce) was denied, with the statement by the court that "the real object of the suit is to compel a husband to support a wife whom he has abandoned, and who is not seeking a divorce."

By what was said and what was implied by the courts in the cases referred to, and upon principle, we believe that no cause of action is stated in behalf of the wife and that she is without right to maintain the suit otherwise. When the agreement to marry is executed through consummation of the marriage itself a status is thereby created, and with respect to such things as are here presented the rights of the parties are not contractual but are such, and such only, as the law prescribes. Because of the foundational purposes of the institution of matrimony, the vital public interests involved, and its consequent nature of a status (Grigsby v. Reib, 105 Texas, 597, 153 S. W., 1124; Maynard v. Hill, 125 U. S., 190, 31 L. Ed., 654, 8 Sup. Ct., 723), the State is an important party to the relation with superior authority to permit, or to deny, its termination otherwise than by death, the conditions upon which dissolution may be allowed, when allowed at all, and to prescribe what are, and what are not, the incidental rights of the other parties. Since the state is the repository of that comprehensive power, its enactments must be examined to ascertain what has been granted to the other parties and (thus, by elimination) what has been withheld from them. What has not been granted in express terms, or by implications equally clear, has been withheld.

Besides the rights and remedies defined in respect to property itself as already illustrated, our statutes provide, *quasi in rem*, the cause of action and appropriate remedy for divorcement, as also

procedure for support, etc., for the wife and adjustment of property rights in connection with, or subsequently incidental to the suit for divorce. (Chap. 4, Title 75, R. S., 1925.) And at all times prior to institution of divorce proceedings, the wife, per statutory declarations (Arts. 4613, 4621, and 4623, R. S., 1925), is the agent of the husband duly authorized to purchase or otherwise acquire "necessaries for herself and children" and to make both the community property and his separate estate liable for the debts thus contracted. To the mention of these enactments ought to be added that of the criminal statute which subjects the husband to punishment for desertion of or neglect or refusal "to provide for the support and maintenance of his wife" (or child or children under sixteen years of age) "who may be in destitute or necessitous circumstances" (Art. 602, R. C. S., 1925). These rights of action, and the remedies prescribed in connection therewith and the authority there given the injured spouse, we believe, were intended to be, and must be held to be, inclusive in their nature to such an extent as to preclude both the cause of action here sued upon (as one in *praesenti*) and the suable capacity of the wife. The remedies thus afforded may be thought to be inadequate, but the answer is that the State, whose function it was to deal with the matter, has judged of it and granted what it desired to give and has withheld all else.

Mrs. Gonzales did not see fit to exercise the powers thus given to her, or to invoke the remedies prescribed. Nor did she use the "agency" provided in Arts. 4613, 4621 and 4623, in order to relieve her needs. What she did do, and voluntarily, was to use her own separate funds for support and then seek reimbursement from the community estate or the husband's separate estate through a direct action to that end independent of and in the absence of a divorce proceeding. It is plain that the "debt" sued upon was not contracted by the husband as in Price v. Cole, or Hall v. Hall, supra, and that she is not proceeding upon the idea, or charge, that the husband wrongfully got possession of or is withholding or mismanaging or disposing of any tangible property or the evidence of intangible property belonging to her separate estate, as in Dority v. Dority, and other cases mentioned. As was true in Trevino v. Trevino, supra, her effort is to compel support by the husband in a way different from that prescribed by law and in material respects contradictory of the relevant statutory provisions. Turner v. Turner (Texas Civ. App.), 204 S. W., 134.

Accordingly, we recommend an affirmative answer for the first question certified. In view of its exact form, and action in respect to the first question, the second question does not require a specific answer.

The opinion of the Commission of Appeals answering the certified questions is adopted, and ordered certified.

*C. M. Cureton,* Chief Justice.