C. A. MODISETT ET AL. v. NATIONAL BANK OF KALAMAZOO.

Decided May 16, 1900.

1. **Jurisdiction—District Court—Injunction.**

In a proceeding in the District Court of M. County to enjoin the execution of an order of sale and writ of possession against lands therein, issued upon a judgment in D. County, the court had power, while permitting the sale, to enjoin from putting in possession.

2. **Homestead—Rights of Minors—Order of Probate Court.**

The possessory right of minor children in the homestead of a decedent can only be based on an order of the probate court.

3. **Injunction—Cloud on Title—Tenants in Common.**

The sale of land under foreclosure of a mortgage by the owner of a half interest, the widow of the deceased owner, given after his death, can not be enjoined as a cloud upon the title of the children of deceased, tenants in common with the widow, and not parties to the foreclosure; their interest would not be affected, and they had an adequate remedy at law.

4. **Tenants in Common—Writ of Possession.**

On sale of land under foreclosure of a mortgage by one tenant in common, the cotenants, not parties to the foreclosure, can not wholly enjoin the enforcement of a writ of possession; it should put the purchaser in possession as tenant in common with them.

APPEAL from Milam. Tried below before Hon. W. G. TALIAFERRO.

*Morrison & Wallace,* for appellants.

*E. B. Muse, Monta J. Moore,* and *L. C. McBride,* for appellee.

FISHER, CHIEF JUSTICE.—This was an action by injunction to restrain the enforcement of an order of sale and writ of possession for 200 acres of land, filed in the District Court of Milam County by the appellants herein, on the 1st day of April, 1896. Omitting the formal parts, the petition is as follows:

"That by virtue of an order of sale and writ of possession, issued out of the honorable District Court of the Forty-fourth Judicial District, in Dallas County, Texas, on the 1st day of February, 1896, in the cause of the National Bank of Kalamazoo v. Mrs. C. V. Modisett, No. 14439, the defendant Bickett, sheriff as aforesaid, has levied upon the following described tract of land, and has advertised the same for sale on the first Tuesday in April, 1896, the same being the 7th day of said month [here follows a description of the land by metes and bounds].

"3. That these plaintiffs each own by title in fee simple, as tenants in common, an equal undivided one-eighteenth of said land, and that all of the plaintiffs together own, as tenants in common, by title in fee simple, an equal undivided one-half of said tract of land, and that their mother, Mrs. C. V. Modisett, owns the other undivided half, and that plaintiffs' interest in said land is of the value of $1000.

"4. That neither of these plaintiffs was a party to or had any notice of said suit in the District Court of Dallas County, out of which said order of sale and writ of possession issued, and in which said suit said defendant bank recovered judgment against Mrs. C. V. Modisett for the sum of $339.48 and all costs of suit. A certified copy of said judgment is hereto attached, marked Exhibit 'A,' and referred to.

"5. That plaintiffs derive their title to said land by inheritance from their father Louis T. Modisett, who died intestate, in Milam County, Texas, in the year 1889, and that said land is situated in the county, and has been the actual bona fide homestead of these plaintiffs' father and mother for more than twenty years continuously, and since the death of their father, the plaintiffs, C. A. Modisett, James L. Modisett, and said three minor children, John, Milton, and Mattie Modisett, who are aged respectively 17, 16, and 14 years, together with their said mother, Mrs. C. V. Modisett, have lived upon said lands as a homestead, and neither of them has ever acquired any other homestead, and that they are each now living and residing upon the said lands as a homestead, and the same has never been divided or partitioned among the owners thereof, and the youngest of said minors, Mattie Modisett, is a female who was 14 years of age on the 22d day of March, 1896.

"6. That by and with the consent of all the other owners of the land, the plaintiffs C. A. and J. L. Modisett, together with said minors, have used and cultivated the said lands since the death of their said father, and are now in the actual possession of the same with their said mother and are using the same for agricultural purposes, and that they now have their crops partly planted, in a state of growth and cultivation, and if said defendant bank and sheriff, as aforesaid, shall be allowed and are not restrained from making said sale and deed and from executing said writ of possession, as they are now threatening to do, that these plaintiffs will suffer great loss and injury thereby.

"7. That none of plaintiffs' title to said land is shown by record, and that if said sheriff be allowed to sell said land as advertised, and as he is now threatening to do, that said sale and deed which he is ordered to

make by said order of sale as aforesaid will cast a cloud upon plaintiffs' title to said land, and will require them to bring a suit to remove said cloud, and will greatly depreciate the market value of said land, and that the defendant bank is a foreign corporation, domiciled in a distant State, and so far as plaintiffs know, said defendant has no property, agent, or assets in the State of Texas, and plaintiffs would be unable to force said bank to respond in damages for the wrongs and injuries that will result to them if said sale and deed shall be made and the said writ of possession executed, and in consequence, plaintiffs will suffer irreparable loss and injury unless said defendants are restrained by your honor from committing said wrongs and injuries.

"8. That said minors hereinbefore named, through their mother and next friend, show to your honor that as the minor heirs of their said father, they are entitled to the possession of said lands as a homestead during their minority, to be held for them by their mother as natural guardian and next friend for them. And that there has never been any administration on the estate of their said father, nor has any guardian ever been appointed of their persons or their estates. And said minors also show to your honor that they or their said mother have never acquired any other homestead, and that if said defendant sheriff is permitted to oust them from their said homestead they will suffer irreparable loss and injury by reason of said act.

"9. That when the said suit was instituted, upon the judgment in which the said order of sale herein complained of was issued, the said defendant bank, the plaintiff in said suit, knew that these said plaintiffs owned and held an interest in said lands, as is shown by its said petition filed in said suit, a certified copy of which is hereto attached and marked Exhibit 'B,' and referred to, and with the purpose of injuring and harassing these plaintiffs, as these plaintiffs verily believe and charge, said defendant bank foreclosed its alleged mortgage lien on the whole of this said tract of land, and it is thereby willfully and knowingly attempting to cast a cloud upon these plaintiffs' title to said land and grossly injuring and wronging them thereby, and said alleged mortgage lien was created and fixed long after the death of their said father, and these plaintiffs were not parties thereto.

"10. That these plaintiffs, Mrs. McDaniel, Mrs. Thompson, Mrs. Simmons, and Mrs. Barber, each desire to sell their interest in said land, and that if said sheriff be allowed to make said sale and said deed, as he is now threatening to do, the same will cast a cloud upon their said title and will greatly depreciate the market value of their interest in said land, and that they will be unable to force said bank to respond in damages as hereinbefore shown.

"Wherefore, plaintiffs pray that your honor will at once issue your most gracious writ of injunction, ordering and commanding said defendants bank and sheriff, and all other persons, to desist and refrain from selling said lands as advertised on the 7th day of April, 1896, and making said deed, and from executing said writ of possession. And that

said writ be made returnable to the next regular term of the honorable District Court of Milam County, Texas, and that upon the final trial hereof that said injunction be made perpetual, and that these plaintiffs recover of said defendants all costs in and about this behalf expended, and for all such other and further relief, general and special, in law and equity, to which they may show themselves entitled, and of this they will, as in duty bound, ever pray."

On the 20th day of March, 1896, in chambers, the judge of the Twentieth Judicial District indorsed his fiat on the petition, ordering the writ to issue as prayed for, upon the plaintiffs making bond in the sum of $700. The writ was accordingly issued and served upon the defendants, and the sale stopped.

The defendants answered by general and special exceptions, general denial, and claimed that, as Mrs. C. V. Modisett owned a one-half interest in the land, the judgment of foreclosure in the District Court of Dallas County had divested her of all interest she had in the land, and that the plaintiffs were not entitled to have the land set aside as the homestead of the family in this proceeding, and it asked that the injunction be dissolved, or, in the alternative, that it have judgment against Mrs. C. V. Modisett for the sum of the judgment in the District Court of Dallas County and the costs thereof, with a foreclosure of the said lien on an undivided one-half of the land, and for general and special relief.

The attorneys for the several parties filed the following agreement, to wit: "We the undersigned, attorneys for the defendant, the Kalamazoo National Bank, do admit the truth of the plaintiffs' allegation contained in the original petition filed April 1, 1896, except the following, which we claim are conclusions of the pleader, to wit:

"1. That the making of the sale and executing the writ of possession will cause the plaintiffs loss and injury, and will cast a cloud upon their title and depreciate the market value of the land. We do admit the facts alleged in said pleadings as a basis for said conclusions, but we do not admit said conclusions.

"2. We do not admit the truth of the allegations that the plaintiffs are entitled to the possession of the land as a homestead. We claim also that this is a conclusion. We admit the truth of the allegations of fact from which said conclusion is deduced, but we do not admit the conclusion.

"3. We admit the truth of the allegations in paragraph 9 in said petition, charging that this defendant knew that plaintiffs owned an interest in the land in controversy, and that the defendant procured the foreclosure in the Dallas County District Court with such knowledge, and that the mortgage lien was created after the death of L. T. Modisett, and that the plaintiffs were not parties to the said Dallas County judgment, but this defendant denies the truth of the allegations in said paragraph 9, that this defendant had any purpose of injuring or harassing the plaintiffs, or that it is attempting to cast a cloud upon plaintiffs' title

to the land now involved or had or has any intention of injuring or wronging plaintiffs.

"We, the attorneys for plaintiffs and defendant Kalamazoo National Bank, agree that this case may be submitted to the court upon the plaintiffs' petition as modified by the above agreement and admissions, and that he may render judgment upon the law and facts without the intervention of a jury."

This agreement was filed on the 18th day of October,.1899, and on the 27th day of November succeeding, the court rendered judgment dissolving the injunction in part, to the extent of allowing the sale and making of the deed to land by the sheriff to proceed, but perpetuating it in so far as prohibiting the enforcement of the writ of possession, and rendered judgment against plaintiffs for all of the costs in the case.

The foregoing contains the facts as found by this court, which are practically as agreed to by the parties to the record.

The following is the appellants' first assignment of error: "The court erred in refusing to perpetuate the temporary writ of injunction in this case, and in dissolving the same to the extent of allowing the sale to proceed, and in allowing the making of the deed to the purchaser by the sheriff to the entire tract, for the following reasons, to wit:

"a. Because the District Court of Milam County is without power or authority to modify existing or future processes, issued or to be issued out of the District Court of Dallas County.

"b. Because the facts show the land to be a homestead, and that the plaintiffs, John, Milton, and Mattie Modisett, are entitled to the occupancy of the said homestead during their minority, and because the facts show that the possessory right of their mother to the said homestead was not set up or adjudicated in the action of the District Court of Dallas County.

"c. Because the facts show that the making of the sale and the deed to the said land will greatly depreciate the market value of the same, and that the defendant is a foreign corporation, domiciled in a distant State, and thereby it is shown that it can not be made to respond in damages for said injury, by reason of which it is shown that plaintiffs will suffer irreparable injury if said sale and deed are made.

"d. Because the facts show that the defendant knew of the plaintiffs' interest and status in the land at the time it sued for and secured the foreclosure of its alleged mortgage lien on the land, in the District Court of Dallas County, and that it well knew at this time that it had no lien on or right to more than one-half of the land, and that with a full knowledge of these facts it proceeded to ask for, receive, and obtain a foreclosure of the alleged lien on the whole tract, with a writ of possession for the whole tract, in open disregard and contempt for the plaintiffs' rights and interest in the land, and thereby it is shown that the defendant is willfully and knowingly attempting to do plaintiffs an injury for the perpetration of which it can not be made to respond in damages."

1. In reply to the first proposition submitted under this assignment,

it is only sufficient to state we think the District Court of Milam County had the power to render the judgment complained of.

2.  Neither the plaintiff, Mrs. Modisett as the next friend of the minor children, John, Milton, and Mattie Modisett, nor were they, entitled to the possession of the property in controversy as their homestead.  The possessory right of minors to the homestead can only be based upon an order of the probate court.  None is shown by the record in this case.  Osborn v. Osborn, 76 Texas, 494; Ashe v. Yungst, 65 Texas, 631; Gaines v. Gaines, 4 Texas Civ. App., 408.

3.  In response to subdivisions c and d of the assignment of error, it is only necessary to state, that, so far as the interest of appellants is concerned, the sale of the land under order of sale based on the judgment of the Dallas court against Mrs. Modisett, would not be a cloud upon the title of the appellants, which is legal in character.  The appellants were not parties to that judgment, and a sale of the property under it would not affect their interest.  They have a plain, legal, adequate remedy at law, so far as their interest is concerned, against the purchaser under the judgment rendered by the Dallas court against Mrs. Modisett.

4.  We think there was no error in the judgment so far as the question of costs is concerned, as complained of in appellants' second assignment of error.

Appellees have a cross-assignment of error to the effect that the court erred in perpetuating the injunction to the extent of prohibiting the enforcement of the writ of possession; the contention being that the purchaser at the sale would be a joint tenant with the appellants, each owning an undivided one-half interest in the land, and that such purchaser would be entitled to possession along with the appellants. We think this assignment well taken.  Therefore the judgment of the court below will be affirmed in so far as complained of by the appellants; but will be reformed, so as to allow the issuance of a writ of possession to the purchaser of the property under the judgment against Mrs. Modisett, to the extent that such purchaser will be entitled to joint possession with the appellants to an undivided one-half interest of the land; and the trial court is instructed to so reform the judgment as in accord with this opinion.

*Affirmed in part and reversed with instructions in part.*

Writ of error refused.