## W. C. BURNS v. MARY F. BURNS.

Decided March 10, 1910.

**1.—Divorce—Property Rights.**

Where a divorce is refused the court is left without power to adjust the property rights of husband and wife.

**2.—Husband and Wife—Support.**

The wife can not maintain an action to require the husband to support her except by way of alimony in a suit for divorce, or by action in the County Court under art. 2979, Rev. Stats., for an allowance for support out of her separate property. But she may maintain injunction against control or management of her separate property by a husband who has abandoned her and repudiated his duties.

**3.—Same—Judgment.**

Where a suit by the wife sought divorce from the husband and injunction against his management of her separate lands on the ground of abandonment and nonsupport, the jurisdiction of the court, divorce being refused, was limited to the relief which could be granted under the prayer for injunction. It had no power to award to appellee the possession and control of her separate lands subject to an annual payment to the husband as rent for his community interest therein by virtue of improvements made on such lands.

Appeal from the District Court of Fannin County. Tried below before Hon. Ben H. Denton.

*McGrady & McMahon,* for appellant.

*H. G. Evans,* for appellee.

LEVY, ASSOCIATE JUSTICE.—The suit was by the wife against the husband for divorce, on the ground of cruel treatment in abandoning her in her incurable ill health without cause, and refusing to care for her or contribute in any way to her support and maintenance, and in the alternative, if divorce be denied, for a decree enjoining her husband from exercising control over her separate property of 113 acres of land, upon the ground that the income therefrom was the only means of support left her, and the husband was interfering with her support therefrom and claiming and threatening to apply all of the same to his own personal use, leaving her wholly destitute and dependent upon the charity of others. The appellant answered by general denial, and admitting that the 113 acres was the separate property of his wife, but alleging permanent and valuable improvements made thereon with community funds. The case was tried to the court without a jury, and a decree was entered denying a divorce but awarding to appellee the possession and control of the land, charged with the payment to appellant of $30 per year as rent for his community interest, "so long as said parties may live without any decree of divorce or other adjustment of their interest in said land."

*After stating the case.*—There is no complaint as to the refusal to grant the divorce, but for specification of error the appellant chal-

lenges the decree of the court in awarding the possession and control of the land to his wife as against him. The decree as entered, we think, was not in accordance with the relief asked for by the pleading, and failed to decree with respect to the relief asked for, and is so far erroneous as, in that respect, to require the judgment to be reversed and the case remanded for another trial. The petition, as seen, sought a divorce, and in the alternative a decree enjoining the husband from control of the wife's separate property. The trial amendment is considered, as it should be, as supplemental allegations to the original. The original petition prayed, aside from divorce, "that if, in the judgment of the court, such divorce can not be lawfully granted, then that defendant be perpetually restrained from in any manner interfering with plaintiff and with the separate property or the rents arising therefrom, but that same be set aside for the support and care of this plaintiff." Thus there were before the court two distinct proceedings. The appellee was asking relief against her husband first by divorce, and if that relief be not granted, then next by injunction against the abuse of his powers and rights as a husband in the control of her separate property to her injury. The jurisdiction of the court was invoked to grant an injunction on the alternative relief, and the District Court has jurisdiction to grant injunctions. Of course, the court had jurisdiction to try the divorce, and, if granted, to further make decree as to the adjustment of the property rights of the parties. But if the divorce on hearing be denied, then the court was without power in such suit for divorce to otherwise adjust the property rights of husband and wife than fixed by law. Upon denial of the divorce the property rights of the husband and wife must be left by the court as they stood at the time of the application for divorce, for the parties would still legally remain husband and wife. It is thus plain that, after refusal to grant a divorce, the power of the court to adjust and settle property rights of the husband and wife ended. Any decree attempting so to adjust them, as in this case, was void after refusing the divorce. But the power of the court to hear and determine the next relief sought was invoked and continued by means, as stated, of an application for injunction. The petition, we think, in respect to the matter in hand, is capable of the construction only of being an application for injunction. Its sufficiency against special exceptions is not here prejudged. The jurisdiction of the court being invoked by the application for injunction, the court had the power to hear and determine the issues necessary to decree the relief and extent of the relief. The case of Dority v. Dority, 96 Texas, 215, 71 S. W., 950, decides the right of the wife to restrain the husband from exercising the control given him by statute over her separate estate where the husband has repudiated his duties and is asserting only the rights and powers of his position as husband for his own selfish purposes and to her detriment. That case discusses and distinguishes the several rights of the wife that might be well to impress here. As stated in this case, it is a fixed rule of law in this State that the wife can not maintain an action against her husband to require him to support her, except by suit for divorce or a proceeding under article 2972, Revised Statutes. It is not necessary to

discuss that alimony in a divorce suit pending the determination of the divorce is a proceeding to compel proper allowances for the time. The application for the divorce gives the jurisdiction to the court to hear the question of alimony. The instant suit is not of that nature. By the provision of article 2972, Revised Statutes, supra, where the husband fails or refuses to support his wife from the proceeds of her separate lands, the wife may complain to the court and, upon satisfactory proof, have paid to her for her proper support so much of the proceeds as the court may deem necessary. The Act provides that the County Court shall have jurisdiction to try this proceeding. As is seen, such proceeding does not involve the removal of the husband from his powers and rights conferred by law. It still recognizes his right to continue the control and management of the wife's separate property, but does interfere with his disposition of the proceeds from the land to the extent only of compelling him to provide the wife with as much thereof as may be necessary for her proper support. It can therefore be stated as settled law that the wife may sue the husband for alimony in divorce suit, and is entitled to secure a judgment of the County Court setting aside to her proper support a sufficient portion of the proceeds from her separate lands where the husband does not furnish it, and may restrain the husband from exercising the control given him by statute over her separate lands when the husband repudiates his duties and is asserting only the rights and powers of his position for his own selfish purposes. It is to be noted that each proceeding is a distinct proceeding, and the character and object of the particular proceeding would be marked by the case plead. We do not undertake to pass on the facts of the instant case as not proper. The Dority case, we think, lays down the proper general rule to determine when the wife is entitled to a restraining order. We quote therefrom: "When there has been no abandonment by the husband of his rights and powers as such, it may be true that the wife is not, by the decisions referred to, restored to all the capacities of a feme sole merely by his misconduct; but we think that it is also true that, if the husband has repudiated the duties and is asserting only the rights and powers of his position for selfish purposes, the wife has rights of property which she can enforce in the courts, and if they can only be adequately enforced by enjoining the husband from controlling her property that this may be done." As to whether the facts of a given case are within this rule must be determined in the given case. While the husband has the right to sole management of the separate property of the wife, yet he can not abandon and repudiate his duties as husband and exercise such right to the detriment of her property rights. The authorities aptly say "that it is the duty of the husband to support the wife, and that the management of her separate property is committed to him partly for that purpose is put beyond question by the statutes and decisions. One of her rights is to have this support from him, and as far as her separate estate constitutes a fund from which the means to satisfy it are to be derived, the right is an incident to her ownership of such estate. The fruits and revenues of that estate constitute a part of such fund." If the facts alleged in the instant petition be true, and we do not prejudge,

then it appears that appellant without just cause had abandoned his marital duties, and was interfering and denying the wife adequate support, to her detriment, and was asserting only the rights and powers of a husband in demanding and receiving a part of the rent for his own selfish purposes. We conclude that the court had the power to herein determine the application for the injunction, and that he should have so done in the case. Construing the petition, as to the matter in hand, as we do, as being an application for injunction, the court should have determined and disposed of this issue made by the pleading. The decree as entered does not in terms either grant or refuse the injunction, and we think, as it is entered, has not the force or effect of either granting or denying the same. It was the application for injunction on the part of the wife that invoked the jurisdiction of the court, and it was relief by injunction that she was seeking at the hands of the court, and the relief that the court was called upon to decide and decree. In determining whether the wife was entitled to such relief as sued for, it was the duty of the court to hear all the facts necessary to properly determine the granting of the relief and the extent of the restraining order. The court wholly failed to determine the issue. The decree as entered attempted to afford relief not warranted by pleading, and in the absence of pleading without the power of the court to make. It follows that the decree as entered is fundamentally erroneous, as not having disposed of the proper issues and relief prayed for.

The decree attempts to charge the proceeds of the land with value of use or rent of the husband's community. If the divorce be granted, the right of the court to adjust the property rights exists, but if the divorce be refused, then the further power of the court to adjust the property rights ends. If the community contribute to the improvements of the separate estate, the community is entitled to reimbursement by the separate estate in the proper suit. But it is only a claim against the land and not an interest in the land, and the equity or a right is not determinable against the wife when the wife seeks to enjoin the husband from controlling her separate estate.

The judgment was ordered reversed and remanded for another trial of the case.

*Reversed and remanded.*