## KELLY et al. v. GROSS et al.   (No. 7780.)

Court of Civil Appeals of Texas. San Antonio. March 30, 1927.

**1. Divorce ⬤⟳249(1)—Court cannot disturb community property status in divorce suit which fails.**

If no divorce decree is entered, court is without power in divorce suit to disturb existing status of community property.

**2. Divorce ⬤⟳10—Court can decree divorce only on insistence of party and affirmative showing that such party will not continue marital relation.**

Court cannot decree divorce except on insistence of one of parties to union and on affirmative showing that such party cannot, and will not, resume or continue marital relation.

**3. Divorce ⬤⟳139—Court must dismiss divorce suit on parties' motion without regard to third parties' pecuniary interests.**

When parties to divorce suit compose their differences, effect a reconciliation, and move for dismissal of suit, court must grant motion and dismiss, as matter of public policy, without re-gard to any pecuniary interest of third parties contingent on granting of divorce.

**4. Attorney and client ⬤⟳190(2)—Divorce ⬤⟳ 73—Attorneys having contingent interest in community property recovered by wife in event, of divorce cannot intervene in, and prosecute, divorce suit after parties' reconciliation and prayer for dismissal.**

After reconciliation of parties to divorce suit, and their prayer for dismissal, court had no power to enforce wife's attorneys' contract for contingent interest in community property recovered by her in event of divorce, and they acquired no right to intervene in and prosecute suit against parties' wishes.

Appeal from District Court, Medina County; L. J. Brucks, Judge.

Suit by Joe Gross against Sue Gross, in which Ben H. Kelly and others asked leave to intervene. From an interlocutory order granting a temporary injunction against further prosecution of their intervention, intervenors appeal. Affirmed.

Kelly & Kelly, of San Antonio, and W. S. Ethridge, of Bandera, for appellants.

P. H. Swearingen, of San Antonio, DeMontel & Fly, of Hondo, and Powell & Green, of San Antonio, for appellees.

SMITH, J. Joe Gross and Sue Gross are husband and wife. As a result of marital difficulties, the former brought this suit for divorce against the latter. Mrs. Gross employed Messrs. Kelly & Kelly and W. S. Ethridge, Esq., as her attorneys to represent her in the litigation, who filed an answer in her behalf in the divorce suit, as well as a cross-action in which she sought a division of property alleged to belong to the community estate. In the contract of employment of her said attorneys Mrs. Gross assigned to them a one-half interest in whatever she might recover in the litigation through any "legal or other adjustment that may be made in said matter." Notice of this assignment was properly given to Gross.

During a vacation of the trial court Mr. and Mrs. Gross reconciled their differences, resumed their marital relations, and agreed to dismiss the suit and cross-action. Mrs. Gross advised her attorneys of this turn of affairs, requested them to dismiss her cross-action, and sought to discharge them from the employment, but they refused to accept the dismissal because of numerous and laborious services they had performed in her behalf in the matter, and elected to stand upon their contract and demand specific performance of her. In pursuance of this attitude and while the court was still in vacation, the attorneys filed an application for leave to file a plea of intervention in the divorce suit, in which they set up their contract with Mrs. Gross and their performance

---

thereunder, and prayed for "the right to and privilege of intervening and of carrying on to a conclusion the litigation herein, and that upon a final recovery that they have and receive for defendant and themselves all the rights to which she may be shown entitled by law or equity, and if for any reason there is not any recovery for her or in her own behalf, then that her rights be ascertained in order that interveners may have proper judgment for their 50 per cent. of whatever her rights and interests may be found to be." Subsequently, both Mr. and Mrs. Gross filed separate motions, setting up the fact of their reconciliation and desire to end the litigation, and praying that the suit and cross-action be dismissed. Mrs. Gross further alleged:

"Sue Gross further says that she has heretofore made known to Kelly & Kelly and W. S. Ethridge, attorneys of record for defendant herein, her reconciliation with her husband, and her desire that the pleadings heretofore filed in her behalf be withdrawn, and the defense and cross-action be dismissed, and she directed said attorneys to so dismiss her answers and cross-actions. That said attorneys, acting by and through B. H. Kelly, refused to dismiss her defense and cross-action or withdraw the pleadings, but insisted upon prosecuting to a final conclusion the said defense and cross-action, contrary to the instructions of said Sue Gross.

"That she thereupon dismissed said attorneys, none of whom now represent her, or are now authorized to speak for her, and she now makes known to the court her desire that the names of said Kelly & Kelly and W. S. Ethridge be erased from the records of this cause as her attorneys of record herein.

"Wherefore Sue Gross prays that her defense and cross-action be in all things dismissed, and for a proper order, and that the records of this cause show that Kelly & Kelly and W. S. Ethridge are no longer her attorneys of record herein."

Pending the hearing of the motions to dismiss, and of the application for leave to file the intervention, however, the attorneys sought to prosecute their plea in intervention by taking the ex parte depositions of Mr. and Mrs. Gross, who thereupon filed and presented a bill for injunction restraining the interveners from taking said depositions or otherwise proceeding in the prosecution of the suit, alleging:

"That if said Kelly & Kelly and Ethridge are permitted to take action in the prosecution of this suit or defense or cross-action, contrary to the desires of the parties thereto, and against their will, it will result in creating great costs, for which the petitioner is now in law responsible; and will subject both your petitioner and his wife, Sue Gross, to great harassments and expense and trouble. That the matters necessarily involved in such depositions and prosecutions by said Kelly et al. will necessarily tend to array husband against wife, and create a situation whereby the one will be asked to testify against the interests of the other, and such issues are such as will tend to disturb the happy marital status now existing, and may result in a destruction of the harmony resulting from the reconciliation, contrary to law and good morals."

The trial court granted a temporary injunction restraining the attorneys from further prosecuting their intervention pending final disposition, at the April, 1927, term of court, of their motion for leave to file their plea of intervention. The defendants in the injunction proceedings, Messrs. Kelly & Kelly and W. S. Ethridge, have appealed from the interlocutory order.

[1] As has been shown, the principal suit is one for divorce and a property settlement dependent upon the outcome of the divorce action. Only the husband and wife are parties to the suit. The entire foundation of the action was the contemplated divorce of husband and wife. The proposed adjudication of their respective interests in the community estate rests alone upon that foundation, so that if the divorce action fails the right and power of adjudication of community property rights cannot arise in the case. If for any reason no decree of divorce is entered, then the court is without power in that suit to disturb the existing status of the community property as between husband and wife. Burns v. Burns, 59 Tex. Civ. App. 549, 126 S. W. 333; Ledbetter v. Ledbetter (Tex. Civ. App.) 229 S. W. 576. As was said in the Burns Case,

"Of course, the court had jurisdiction to try the divorce, and, if granted, to further make decree as to the adjustment of the property rights of the parties. But if the divorce, on hearing, be denied, then the court was without power in such suit for divorce to otherwise adjust the property rights of husband and wife than fixed by law. Upon denial of the divorce, the property rights of the husband and wife must be left by the court as they stood at the time of the application for divorce, for the parties would still legally remain husband and wife. It is thus plain that, after refusal to grant a divorce, the power of the court to adjust and settle property rights of the husband and wife ended. Any decree attempting so to adjust them, as in this case, was void after refusing the divorce."

[2, 3] This conclusion brings us to appellants' contention that, notwithstanding the reconciliation of the parties and their motions to dismiss, appellants had a right under their contract with Mrs. Gross to prosecute the suit to a conclusion, and enforce their assignment of one-half of whatever recovery Mrs. Gross might have obtained upon a trial of the suit. We overrule this contention. No court has the power to decree a divorce except upon the insistence of one of the parties to the union, nor except upon an affirmative showing that such party does not desire to, and cannot, and will not, resume or continue the marital relation. No other party has any right, nor can he acquire the right, to inject himself, or his claim upon

either of the parties, into the divorce action, which is purely personal to those parties. It naturally follows that, when those parties compose their differences, effect a reconciliation, and move for a dismissal of the action, the court before whom it is pending has no other alternative than to grant the motion and dismiss, without the least regard to any pecuniary interest third parties may have acquired as contingent upon the granting of a divorce. This is true as a matter of public policy, which cannot contemplate any rule which would permit outsiders to speculate upon the contingency of a disrupted marital union.

[4] We hold that, in the face of the reconciliation between the parties and their prayer for dismissal, the trial court had no power, in this divorce suit, to enforce appellants' contract with Mrs. Gross for a contingent interest in the property which might have been recovered by her in the event of a divorce; that appellants acquired no right to intervene in, and prosecute, the suit against the wishes of the parties thereto, and that the trial court did not err in granting the injunction restraining appellants from further proceeding in the matter.

The judgment is affirmed.