## HARKNESS v. HARKNESS. (No. 7156.)

Court of Civil Appeals of Texas. Austin. Dec. 7, 1927.

**1. Divorce ⊗⇒200—Court cannot adjust property rights dependent upon divorce proceeding if divorce is denied.**

Where the property rights involved in a divorce proceeding depended upon such proceeding and the divorce was denied, the trial court *held* without jurisdiction to pass upon or adjust such rights between the spouses.

**2. Divorce ⊗⇒189—Wife failing to prevail in divorce suit held properly taxed with all costs.**

Where, on appeal of wife from judgment against her in her divorce suit, the record did not show an award of temporary alimony, and where a temporary injunction against the husband's disposing of his property, if issued at all, was dissolved on the hearing, taxing all costs of the divorce proceeding against the wife *held* not error.

Appeal from District Court, Bastrop County; J. B. Price, Judge.

Suit for divorce by Mrs. Dell M. Harkness against J. W. Harkness. Judgment for defendant, and plaintiff appeals. Affirmed.

Alexander & Alexander, of Smithville, for appellant.

Merton L. Harris, of Smithville, and S. L. Staples, of Austin, for appellee.

BAUGH, J. Appellant sued appellee for divorce, alleging cruel treatment, and for partition of the community property. She also asked for a temporary injunction pending trial, restraining appellee from disposing of the property or incurring debts against same, for alimony, and for an accounting. The trial judge entered his fiat on said petition ordering the clerk to "issue a writ of injunction in all things as prayed for," conditioned upon appellant's execution of a bond with proper sureties in the sum of $500. The record presented to us does not disclose, however, whether said bond was ever made by appellant, or whether such writ was issued by the clerk; nor does it show any order of the court granting alimony pending a hearing of the case.

The case was submitted to a jury upon seven special issues. The first of these, and the jury's answer thereto, was as follows:

"Was the defendant guilty of excesses, cruel treatment, or outrages toward the plaintiff of such a nature as to render their living together insupportable? Answer: No."

A proper explanatory charge was given to the jury in connection with this issue; and we find that the evidence was sufficient to sustain the finding of the jury. But the jury did not answer any of the remaining six issues, all of which related to the property involved, and were submitted for the purpose of making a proper partition thereof in the event the divorce was granted. The trial court rendered judgment on the jury's answer to question No. 1 that plaintiff take nothing, from which judgment she appeals.

We shall not undertake to discuss in detail appellant's numerous assignments of error. Only two issues are raised which we deem it necessary to discuss. These issues are: (1) Whether appellant was entitled to have the jury answer the questions establishing the property rights between the parties irrespective of the divorce; and (2) whether all the costs were properly taxed against appellant.

We sustain neither of these contentions. This case is clearly distinguishable from the line of cases authorizing injunctive relief, or even the appointment of a trustee to take charge of the property, where the husband is squandering, dissipating, or disposing of the separate property of the wife, even though no divorce is granted, as was true in Heintz v. Heintz, 56 Tex. Civ. App. 403, 120 S. W. 941; Borton v. Borton (Tex. Civ. App.) 190 S. W. 192; and Coss v. Coss (Tex. Civ. App.) 207 S. W. 127. In the instant case the pleadings clearly disclose a suit primarily for divorce, and for a partition of the community property dependent upon its being granted. It is true that a temporary injunction was asked for, but this was obviously for the pur-

pose of preserving the community estate pending a hearing on the divorce proceeding. No issues were submitted to the jury, and none were requested by appellant, which involved any dissipation, squandering, or disposition, to her prejudice, of either the community property or the separate property of the wife. On the contrary, the evidence shows that appellee, defendant below, was past 50 years of age, was in declining health, and fearful that his earning capacity would be cut off, and was so economical and frugal with reference to his income and property that appellant charged him with making "money his god" and with being too "stingy" with her in household expenses and spending money. There was an issue as to whether a diamond ring was her separate property or his separate property, but the court did not award it to either, and since it was in her possession she was not injured.

[1] Where the property rights involved depend upon the divorce proceeding and the divorce is denied, the trial court is without jurisdiction to pass upon or adjust such property rights between the spouses. Having answered question No. 1 as they did, it was not necessary for the jury to answer any of the remaining questions. We quote with approval the holding of the Texarkana Court of Civil Appeals in Burns v. Burns, 59 Tex. Civ. App. 549, 126 S. W. 333, as follows:

"Of course, the court had jurisdiction to try the divorce, and, if granted, to further make decree as to the adjustment of the property rights of the parties. But if the divorce, on hearing, be denied, then the court was without power in such suit for divorce to otherwise adjust the property rights of husband and wife than fixed by law. Upon denial of the divorce, the property rights of the husband and wife must be left by the court as they stood at the time of the application for divorce, for the parties would still legally remain husband and wife. It is thus plain that, after refusal to grant a divorce, the power of the court to adjust and settle property rights of the husband and wife ended. Any decree attempting so to adjust them, as in this case, was void after refusing the divorce."

This holding has also been followed by this court in Ledbetter v. Ledbetter, 229 S. W. 576, and by the San Antonio Court of Civil Appeals in Kelly v. Gross, 293 S. W. 326.

[2] Nor was it error to tax all the costs against appellant. We find no order of the trial court in the record awarding alimony to appellant pendente lite, and cannot therefore consider the costs, if any, incurred in that connection. Nor does the record disclose, as stated at the outset of this opinion, whether appellant filed the required bond and caused a writ of injunction to issue. Even if she did, however, such writ was only temporary, and, if dissolved upon a hearing,

the defendant would be entitled to recover all costs. In Modisett v. Bank, 23 Tex. Civ. App. 589, 56 S. W. 1007, wherein the temporary injunction was dissolved only in part and in part perpetuated, it was held that the trial court did not err in taxing all costs against the plaintiff.

For the reasons stated, the judgment of the trial court is affirmed.