Margie R. NIXON, Appellant,

v.

Robert E. NIXON et al., Appellees.

No. 13734.

Court of Civil Appeals of Texas.

Houston.

June 15, 1961.

Rehearing Denied July 13, 1961.

Red, Kemp & Fahey, Pat N. Fahey, Houston, for appellant.

Young, Young & Daggett, Allen J. Daggett, Wm. N. Bonner, Houston, for appellees.

COLEMAN, Justice.

This appeal arose out of a suit for divorce filed by Robert E. Nixon against Margie R. Nixon, who impleaded Houston Business Service, Inc. and Mary J. Nixon, the mother of plaintiff.

The case was tried to a jury and resulted in a judgment of divorce with provisions for child support, visitation and division of community property. Mary J. Nixon, a resident of the State of Kansas, was served by nonresident notice and failed to answer. Her appeal by writ of error from the default judgment rendered is this day determined in Cause No. 13718, Tex.Civ.App., 348 S.W.2d 434. Margie R. Nixon appealed. Houston Business Service, Inc. and Robert E. Nixon have filed crosspoints.

■ Houston Business Service, Inc. has briefed six points of error. The first three of these relate to stock in said corporation. This corporation was organized during the marriage of plaintiff and defendant. The original capitalization of $2,000 was paid in with money furnished by Mary J. Nixon, and 1,990 of the 2,000 shares were issued in her name. Defendant alleged that this was community property and we have held in Cause No. 13718 that Mary J. Nixon, by failing to answer, has admitted the truth of such allegation. In view of this judgment the first three points raised by Houston Business Service, Inc., hereinafter referred to as "The Corporation," present only one point requiring discussion. By its second point the Corporation urges that the trial court erred in ordering the Corporation to transfer the stock standing in the name of Mary J. Nixon so as to show ownership in Margie R. and Robert E. Nixon, and that such order is void. No attachment, garnishment or sequestration was served on Mary J. Nixon. She resided in Kansas, and the stock certificate was kept there. Article 1358–13, Vernon's Ann.Tex.Civ.St., provides in part: "Except where a certificate is lost or destroyed, such corporation shall not be compelled to issue a new certificate for the stock until the old certificate is surrendered to it." The trial court erred in ordering the Corporation to transfer such stock when the certificate had not been surrendered to the Corporation, and when the trial court, lacking in personam jurisdiction over Mary J. Nixon, could not require such certificate to be surrendered.

■ The Corporation has complained in various ways that the trial court erred in rendering judgment that the stock standing in the name of Mary J. Nixon constitutes community property of Margie R. and Robert E. Nixon. This portion of the court's judgment does not affect the Corporation, therefore the Corporation cannot complain. Yett v. Cook, 115 Tex. 205, 281 S.W. 837; McLean v. Morrow, Tex.Civ.App., 156 S.W. 2d 1002, ref., w. m.

■ The Corporation's fourth and fifth points allege that the court erred in finding that the promissory note payable to Robert E. Nixon and executed by Robert F. Hainge and wife, Alice B. Hainge, was community property of the Nixons rather than an asset of the Corporation for the reason that such finding is without support in the evidence, or, if supported by evidence, then the court erred in refusing to admit certain testimony offered by the Corporation. The evidence is sufficient to support the finding of the court. The Corporation filed its motion for new trial, but no complaint was made in said motion of the action of the court in refusing to admit testimony as required by Rules 320, 321 and 322, Texas Rules of Civil Procedure. The points of error on appeal must be germane to an assignment of error in the motion for new trial. Rules 374 and 418, T.R.C.P. Dyche v. Simmons, Tex.Civ.App., 264 S.W. 2d 208, ref., n. r. e. The point cannot be considered by this Court. Sloan v. Miami Margarine Co., Tex.Civ.App., 247 S.W.2d 169, ref., n. r. e.; De Busk v. Quest, Tex. Civ.App., 290 S.W.2d 569, error dism.

The Corporation further complains that the court erred in not submitting the ques-

tion of the ownership of the note to the jury. The note shows on its face that it is payable to Robert E. Nixon and the date of the note shows that it was executed during the marriage. No testimony was *admitted into evidence* sufficient to raise a question of fact as to the title of this note. The court was not required to submit undisputed questions of fact to the jury. Rule 279, T.R.C.P.

The jury found that Margie R. Nixon was entitled to an award of $5,000 for attorney's fees and the judgment awarded George Red, defendant's attorney, $5,000, declared it a community debt and ordered the homestead sold by a receiver and the attorney's fees paid from the proceeds. The property was sold and the sum of $4,804.75 was deposited in the registry of the court. The judgment was not superseded. On November 4, 1960, while this appeal was pending, Margie R. Nixon filed a motion with the trial court requesting him to order the Clerk of the Court to pay this money to George Red. After a hearing, at which plaintiff objected, the motion was granted and the money subsequently was paid to Mr. Red.

Plaintiff, Robert E. Nixon, has filed a motion in this Court to dismiss the appeal of Margie R. Nixon by reason of her action in securing satisfaction of part of the judgment she is seeking to have reversed or in the alternative to dismiss that part of her appeal relating to claimed errors affecting the right to divorce.

In Carle v. Carle, 149 Tex. 469, 234 S.W. 2d 1002, 1004, the Supreme Court said:

"A litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom. That is the general rule which appears to be universally recognized. It was announced by this court in the early case of Matlow v. Cox, 25 Tex. 578. The rule is based on the principle of estoppel. It, .

however, is subject to the exception that '* * * where the reversal of a judgment cannot possibly affect an appellant's right to the benefit secured under a judgment, then an appeal may be taken, * * *.' 2 Am.Jur., Appeal and Error, Sec. 215. Numerous authorities, approaching the exception from a slightly different angle, define it, in effect, in this language: Where an appellant accepts only that which appellee concedes, or is bound to concede, to be due him under the judgment he is not estopped to prosecute an appeal which involves only his right to a further recovery. Embry v. Palmer, 107 U.S. 3, 2 S.Ct. 25, 27 L.Ed. 346; Hodges v. Smith, 34 Tex.Civ.App. 635, 79 S.W. 328, error dismissed; Tyler v. Shea, 4 N.D. 377, 61 N.W. 468, 50 Am.St.Rep. 660; Bass v. Ring, 210 Minn. 598, 299 N.W. 679, 169 A.L.R. 980.

"The exception is narrow. Whether or not this case falls within it must be determined from answers to these questions: Could a reversal of the portions of the judgment referred to in these two certified questions possibly affect appellant's right to the benefits secured by him under the judgment? And would appellee be compelled to concede upon another trial that appellant has the right to retain those benefits regardless of the outcome of the litigation?"

In Kelly v. Gross, Tex.Civ.App., 293 S. W. 325, 326, the court said:

"As has been shown, the principal suit is one for divorce and a property settlement dependent upon the outcome of the divorce action. Only the husband and wife are parties to the suit. The entire foundation of the action was the contemplated divorce of husband and wife. The proposed adjudication of their respective interests in the community estate rests alone upon that foundation, so that if the divorce

action fails the right and power of adjudication of community property rights cannot arise in the case. If for any reason no decree of divorce is entered, then the court is without power in that suit to disturb the existing status of the community property as between husband and wife. Burns v. Burns, 59 Tex.Civ.App. 549, 126 S.W. 333; Ledbetter v. Ledbetter (Tex.Civ. App.) 229 S.W. 576."

It seems inescapable that in the event the decree of divorce should be reversed, the provision of the decree relating to attorney's fees would also fall, to be relitigated on a new trial, where a different jury might be expected to find a different, and, possibly, smaller amount. The provision of the decree ordering the sale of the property would also fall and the money paid by the purchaser would have to be refunded. Brown v. Brown, Tex.Civ.App., 191 S.W.2d 814; Kelly v. Gross, supra. From the record we are unable to say that the other community assets are worth $4,804.75, even though the parties seem to consider the corporate stock quite valuable.

Appellant has numerous points of error in her brief complaining of the disposition made of the community property by the court and the establishment of liens in favor of Robert and Mary Nixon against property awarded appellant for separate funds loaned or contributed to the Corporation. She further complains that the court abused its discretion in the manner in which he divided the community property.

If this Court should reverse that portion of the judgment relating to the division of the community property, the portion of the judgment relating to attorney's fees ordinarily would be reversed in order to permit appellant to offer testimony, on retrial, of the additional expense she has incurred on appeal and the retrial of that portion of the case. Neither do we feel that the division of the property can be done piecemeal. In making an equitable division of the property the court would take into consideration the amount of attorney's fees awarded and whether they were awarded against the community or against the property awarded the husband. Brady v. Brady, Tex.Civ.App., 255 S.W.2d 585. The division of the community property might well be materially affected on a new trial by the fact that such a substantial portion of this property had already been paid out in attorney's fees. Here the judgment granting divorce, ordering the sale of the homestead, awarding attorney's fees and dividing community property cannot be separated so that the part ordering the sale and the payment of attorney's fees can be affirmed and other portions of the judgment reversed.

While we reach this conclusion with reluctance, since we are of the opinion that several errors relating to the division of community property are apparent in the record, we feel bound under Carle v. Carle, supra, to hold that appellant is estopped to prosecute her appeal. Gaulding v. Gaulding, Tex.Civ.App., 256 S.W.2d 684. While some expressions in the court's opinion in Cline v. Cline, Tex.Civ.App., 243 S.W.2d 244, writ. dism., appear to be in conflict with this holding, a review of the record discloses that the case is distinguishable on the facts. The cases cited by appellant, Woeltz v. Woeltz, 93 Tex. 548, 57 S.W. 35, and Milam v. Hill, 29 Tex.Civ.App. 573, 69 S.W. 447, apply the rule set forth in Carle v. Carle, supra, and are not in conflict with this decision.

■ The cross-points of appellee, Robert E. Nixon, will not be considered. If the appellee in a case tried to a jury desires to complain of the judgment rendered on the jury's verdict, to be available on appeal, the points of complaint must be presented to the trial court in a motion for new trial. Walker-Smith Co. v. Coker, Tex.Civ.App., 176 S.W.2d 1002, ref., w. m.; Commonwealth Life and Accident Ins. Co. v. Nelligan, Tex.Civ.App., 220 S.W.2d 209, ı ef., n. r. e.

The judgment of the Trial Court is modified so as to eliminate that portion ordering Houston Business Service, Inc. and its officers to transfer shares of its stock prior to receipt of the outstanding certificate, and as modified is affirmed.