**Mary J. NIXON, Appellant,**

v.

**Margie R. NIXON et al., Appellees.**

No. 13718.

Court of Civil Appeals of Texas.

Houston.

June 15, 1961.

Rehearing Denied July 13, 1961.

Milton Schwartz, Houston, Wm. N. Bonner, Houston, of counsel, for appellant.

Red, Kemp & Fahey, Pat N. Fahey, Houston, for Margie R. Nixon, appellee.

COLEMAN, Justice.

This is an appeal, by way of writ of error, from the action of the trial court in granting a default judgment against petitioner, Mary J. Nixon.

Robert E. Nixon brought suit for divorce against Margie R. Nixon, who impleaded Mary J. Nixon and Houston Business Service, Inc., alleging that certain shares of the capital stock of Houston Business Service, Inc. issued to Mary J. Nixon were community property of Robert E. and Margie R. Nixon. Mary J. Nixon is a resident of the State of Kansas and was served with citation in Stillwell, Johnson County, Kansas. She filed no answer and an interlocutory default judgment was entered, which was made final at the conclusion of the trial on its merits.

Petitioner first attacks the sufficiency of the pleadings to support the default judgment. The cross-action alleges in general terms that the shares of stock in question "constitute community property of plaintiff and defendant" and cross-plaintiff "denies that Mary J. Nixon, the mother of the plaintiff, is the owner of any shares of stock in the purported corporation known as Houston Business Service, Inc." and prays that the shares of stock in question be declared to be community property and that cross-plaintiff be awarded her just interest in such stock. McDonald, Texas Civil Practice, Vol. 4, § 17.23, p. 1372, states:

"The defendant's default admits all matters properly alleged, except the amount of unliquidated damages; but

on appeal or writ of error it may be contended that there is no cause of action in law alleged, and if this contention be sustained the judgment will fall. But this is not equivalent to a statement that a default judgment must be reversed every time the petition fails to state with factual precision every element of a cause of action. The new rules expressly countenance more general allegations than formerly were permitted, and the default judgment will stand if the plaintiff has alleged a claim upon which the substantive law will give relief, and has done so with sufficient particularity to give fair notice to the defendant of the basis of his complaint, even though he has stated some element or elements in the form of legal conclusions which will need to be revised if attacked by special exceptions."

The allegations are sufficient to support the judgment. Petitioner's contention that the pleading of her co-defendant Robert E. Nixon, inures to her benefit is without merit. Tex.Jur., Ten Year Supplement, Vol. 8, Pleading, § 65.

■ An interesting question is presented by petitioner's contention that the judgment is void by reason of the fact that service on petitioner was secured outside of the state. The transcript shows that the shares of stock involved had not been attached, sequestered or garnished. Petitioner cites the general rule that "a personal judgment rendered against a nonresident without personal jurisdiction over him is void, even though the action was otherwise one quasi in rem." Freeman on Judgments, Vol. 3, § 1367. She recognizes that in actions in rem, such as actions to acquire title to real property, jurisdiction may be acquired by nonresident notices, but contends that this rule has never been extended to actions involving title to personalty, except in cases where the personalty has been brought into court by means of attachment, sequestration or garnishment.

It is generally recognized that

" * * * the stock of a corporation has a situs in the state in which the corporation was organized, for the purposes of the jurisdiction of the courts of that state * * * to adjudicate rights of ownership or claims of title in respect thereto.

"Recognition of the existence at the corporation's domicil of a situs for the stock of the corporation has led the courts of the corporation's domicil to assume jurisdiction of actions involving ownership and title to corporate stock, or to remove clouds therefrom, upon constructive service of process against nonresident defendants, under statutes providing for such service in actions relating to property within the state." (Annotation II, 145 A.L.R., p. 1394.)

See also 131 A.L.R. 192; Jellenik v. Huron Copper Min. Co., 177 U.S. 1, 20 S.Ct. 559, 44 L.Ed. 647.

It has been held that the provisions of the Uniform Stock Transfer Act do not change the result reached in this case. McQuillen v. National Cash Register Co., D.C.1935, 13 F.Supp. 53 [affirmed on rehearing in, D.C.1939, 27 F.Supp. 639, affirmed in, 4 Cir., 1940, 112 F.2d 877, writ of certiorari denied in, 1940, 311 U.S. 695, 61 S.Ct. 140, 85 L.Ed. 450]; Hodson v. Hodson Corp., 32 Del.Ch. 76, 80 A.2d 180; Albuquerque National Bank v. Citizens National Bank in Abilene, 5 Cir., 212 F.2d 943; Harvey v. Harvey, 7 Cir., 1923, 290 F. 653. Constructive service on a nonresident defendant has been held sufficient in a case tried in the state of the domicile of a corporation to enforce specific performance of an implied trust agreement in favor of the plaintiff in respect to stock of the corporation purchased by defendant. Patterson v. Farmington Street R. Co., 76 Conn. 628, 57 A. 853; Amparo Min. Co. v. Fidelity Trust Co., 75 N.J.Eq. 555, 73 A. 249.

McDonald, Texas Civil Practice, Vol. 2, § 9.30, p. 819, states:

"Constructive service is permissible in two general types of situation: first, actions in rem or quasi in rem;
* * *

"As to actions affecting property, it is fundamental that each state has sovereign power to reach all property, real and personal, tangible and intangible, having a situs within its borders, and 'to create legal relations in respect [thereto] which will be recognized in other states.'" (Citing Restatement, Conflict of Laws (1934) § 98–a).

The provisions of the Uniform Stock Transfer Act, Art. 1358–1 et seq., Vernon's Ann.Tex.Civ.St., have the effect of making shares of corporate stock fully negotiable, Snyder Motor Co. v. Universal Credit Co., Tex.Civ.App., 199 S.W.2d 792, ref., n. r. e., and Section 13 thereof specifically provides that a corporation shall not be required to issue a new certificate for stock until the old certificate is surrendered to it. However, questions concerning title to corporate stock may be determined in courts of the state of incorporation and enforcement of such decrees may be sought in courts of the state wherein the stock certificate is found. It has long been recognized that stock in a corporation may have a situs in different states for different purposes. Annotation 145 A.L.R., p. 1394. It has been held that the certificate of stock constitutes the res for the purpose of attachment and levy, Snyder Motor Co. v. Universal Credit Co., supra., and constitutes personal property as regards the venue statute, Subd. 13, Art. 1955, V.A.T.C.S., Benson v. Greenville National Exchange Bank, Tex.Civ.App., 228 S.W.2d 272. The fact that, had the certificate been in Texas, jurisdiction over the res might be acquired by attachment, does not require the further conclusion that the court had no jurisdiction over the res without such attachment when the corporation was incorporated within the state.

Petitioner was not denied due process of law since actual notice of the pending action was served on her and she was given adequate time to defend before default judgment could have been, or was, rendered. 12 Amer.Jur., Constitutional Law, §§ 597 et seq.

■ Petitioner assigns as error the action of the court in making final the interlocutory default judgment by reason of the fact that respondent, Margie Nixon, amended her pleading after entry of the default judgment, and prior to the time the final judgment was rendered, without securing service on the amended pleading. The amendment made no significant change in the pleading and new service was unnecessary. McDonald, Texas Civil Practice, Vol. 2, § 8.11. Since the interlocutory judgment was entered before the pleading was amended, the legal relationship between petitioner and the other parties was fixed and would be determined on the basis of the pleading as it existed before the amendment was filed. The assignment does not present error.

■ The fourth and sixth assignments of error deal with matters shown by the evidence introduced during the trial on the merits. Petitioner has no standing to complain of the matters. The points do not present error.

■ Margie R. Nixon's "Motion to Strike Findings and Conclusions" is sustained. Where judgment is granted by default all matters properly alleged are admitted, except unliquidated damages. Consequently there were no matters of fact to be determined by the trial court and no conclusions of law were necessary. The Texas Rules of Civil Procedure do not provide for filing findings of fact and conclusions of law in cases of judgment by default, and Rule 296, T.R.C.P., is not applicable to such a case.

The judgment of the Trial Court is affirmed.