## M. C. KELLEY v. G. W. WHITMORE.

1. HOMESTEAD.—Wife may maintain an action to protect homestead where the husband is absent or refuses to join in the suit.
2. AMENDMENT—INJUNCTION.—Upon the dissolution of an injunction, the plaintiff has the right to amend, if necessary, and to this end may insist on the suit being continued on the docket as an original suit for trial.
3. Murphy v. Coffey, 33 Tex., 507, limited.

APPEAL from Smith. Tried below before the Hon. Z. Norton.

No counsel for appellant.

*F. M. Hays*, for appellee.

GOULD, ASSOCIATE JUSTICE.—The appellant brought this suit to enjoin the sale of her homestead, under a mortgage with power of sale, given by her husband and herself to G. W. Whitmore, alleging amongst other things that it was without consideration, and that it was void because of blanks not filled up at the time of the execution and acknowledgement of the instrument. The petition alleged that her husband, George D. Kelley, was absent from the State, and refused to join her in the suit, made him a defendant, and asked that he be served by publication. The defendant, Whitmore, moved to dissolve the injunction which had been granted, alleging, amongst other grounds, that a married woman could not maintain such a suit. The motion was sustained and the injunction dissolved, the record proceeding as follows: " And thereupon the plaintiff moved the court to continue over the petition as an original suit for trial; which the court refused, and overruled the motion because there were not proper parties to the suit, and thereupon dismissed the suit."

No prayer to dismiss the petition appears in the motion to dissolve the injunction, nor does the record show any

exceptions to the petition, or any pleading whatever on the part of the defendant, except that motion.

We think it was the right of the plaintiff, in this state of the pleadings, to have her petition stand over as an original suit. (High on Injunctions, sec. 889; Blow v. Taylor, 4 Hen. and Munf., 459; 5 Danl. Ch. Pr., 1897, 1966; Houston *v.* Berry, 3 Tex., 236; Fulgham *v.* Chevallier, 10 Tex., 518; Lively *v.* Bristow, 12 Tex., 60; Dearborn *v.* Phillips, 21 Tex., 451.)

If there had been a motion to dismiss, which is in practice treated as in the nature of a demurrer, (Floyd *v.* Tinnen, 23 Tex., 294,) the plaintiff would have had the right of amending. The request to have the petition stand over should have been granted, although the petition may have been defective; for the plaintiff's right to amend was cut off by the action of the court.

The case of Murphy *v.* Coffey, 33 Tex., 509, is cited by appellee. That case asserts the general proposition that the wife cannot maintain a suit in her own name in regard to community property, her husband not being a party, but has no reference to well-established exceptions to that rule.

That there are cases where the wife, being abandoned by the husband, her power to manage and control the community property, and, of necessity, to enforce her rights by suit, is certainly the settled law in this State. (Fullerton *v.* Doyle, 18 Tex., 14; Wright *v.* Hays, 10 Tex., 132.)

So, then, in cases where, in consequence of the wrongful acts of her husband, she is forced to sue a third party, and may sue alone, or make her husband defendant. (O'Brien *v.* Hilburn, 9 Tex., 290.)

We do not regard the case of Murphy *v.* Coffey as supporting the proposition that by no amendment whatever could the plaintiff in this case have cured the defects of her petition.

It has been said that the non-joinder of the husband as

defendant in a bill for injunction by the wife will not warrant a dissolution even, but leave will be given to amend. (High on Injunctions, sec. 839.)

That the plaintiff may have the same opportunity of amending her petition which she would have in case of an ordinary suit, it is ordered that the judgment dismissing the case be reversed and the cause remanded.

REVERSED AND REMANDED.