JOSEPHA LEAL DE TREVINO v. YUDALICIO TREVINO.

(Case No. 1920.)

1. ALIMONY.— A suit was brought in the district court by a wife in her own
   name against her husband, who had abandoned her, to compel him to sup-
   port her.  *Held:*
   (1) That if the wife was suing for a divorce her remedy would be com-
   plete.
   (2) That if the wife had owned real property and the husband were appro-
   priating its revenues, she would have a somewhat restricted remedy, but
   not in the district court.
   (3) That the wife had no remedy when she sued without asking for a di-
   vorce.

APPEAL from Cameron.   Tried below before the Hon. J. C. Russell.

Appellant brought this suit against appellee, who was her hus-
band.   She alleged that their marriage took place in 1872, in March;
that she was a good and faithful wife, and lived with her husband
until September, 1873, at which time, by false and fraudulent pre-
tenses, he induced her to return to her father's house, for a short time,
as he represented and as she believed.   That he continued to pro-
vide for her to a limited extent until January, 1875, when he utterly
refused to provide for her any further, and since that time had
wholly neglected her and refused to live with her or treat her as his
wife.   That her husband after January, 1875, brought a suit against
her for divorce, which he sought to sustain by false and scandalous
charges against her, but that he did not obtain judgment of divorce.
That after taking said cause to the supreme court upon appeal, and
while the appeal was pending, he married another woman, with
whom he had since that time constantly lived as his wife.   That at
the time of her marriage with the defendant she owned eleven head
of cattle which were worth $10 per head, and that the defendant
took possession of and disposed of them to pay his ante-nuptial
debts.   That the defendant was keeping a ranch and stock in connec-
tion with one Francisco Yturia, from which he derived an income of
at least $2,200 per annum, and that he owned land worth $4,000.
That defendant was amply able to supply plaintiff with a support
of not less than $800 per annum, payable monthly in advance,
which he ought to do, as she had no means of support and was in
feeble health and unable to maintain herself.   She prayed for an
order requiring support from the husband.

Defendant filed exceptions on the ground that the plaintiff could
not institute such a suit.

The cause was submitted to the court without a jury, and the defendant demurred, and his plea to the disability of the plaintiff being sustained, the suit was dismissed, the plaintiff declining to amend.

Plaintiff appealed *in forma pauperis.*

*W. A. Crafts,* for appellant, cited: O'Brien *v.* Hilburn, 9 Tex., 297; Porter *v.* Miller, 7 Tex., 468; McIntire *v.* Chappell, 2 Tex., 378; Graves *v.* Graves, 36 Iowa, 310. See Am. R., vol. 14, p. 525; also see later decision, Iowa R., decided January, 1884.

DELANY, J. COM. APP.—The real object of this suit is to compel a husband to support a wife whom he has abandoned, and who is not seeking a divorce. If the plaintiff were suing for divorce her remedy would be complete. R. S., arts. 2860–2870. Or if she owned real estate, and her husband were improperly appropriating the revenues, she would have a somewhat restricted remedy; but not in the district court. R. S., art. 2856. But in the present case the wife appears to have no remedy — at least in this form of action.

We think, therefore, that the judgment should be affirmed.

JUDGMENT AFFIRMED.

[Opinion adopted March 27, 1885.]