**MARTIN v. MARTIN.** (No. 12084.)

Court of Civil Appeals of Texas. Fort Worth. July 14, 1928.

Rehearing Denied Sept. 29, 1928.

Charles T. Rowland, of Fort Worth, for appellant.

W. L. Coley, of Forth Worth, for appellee.

DUNKLIN, J. This suit was instituted by the appellee against appellant to procure the appointment of a receiver to collect any salary which he might earn, or which may be due him already as an employee in the post office in Fort Worth, or in any other service, and for a decree directing the receiver to turn over to her such portions of such salary as may be necessary to support herself and child. Upon a hearing of that application, evidence was introduced, and, upon the conclusion thereof, the court appointed Charles

Reno as receiver, and fixed the amount of bond which he was to execute. The decree further ordered and empowered the receiver to receive and collect from the United States Post Office Department, or any other employer of Stokeley Martin, the sum of $105 a month out of his salary. The receiver was further ordered and directed to turn over to the plaintiff, Mrs. Martin, the salary so collected, and that he continue to make such collections and distributions until further order of the court.

The trial court filed the following findings of fact and conclusions of law, upon which the decree was based, to wit:

"I find:

"(1) That plaintiff and defendant, Stokeley Martin, are husband and wife, and have one child, Mary Frances, a girl 13 years of age.

"(2) That in the summer of 1927 defendant, Martin, separated from plaintiff of his own volition, and, aside from six weeks in the fall of 1927, he has not lived with her since.

"(3) Defendant contributed to the support of plaintiff until May 1, 1928, at which date he told her he would not contribute anything further to her for her support or that of their child.

"(4) Defendant has twice sued plaintiff for divorce, dismissing his first suit, and, upon a trial of the second, divorce was refused him.

"(5) Plaintiff herein does not desire a divorce or separation, and declares herself willing for him to live with her and their child, and that she wishes him to do so.

"(6) The parties own as community property a house and furnishings, which are unpaid for in part, and upon which there is due a monthly payment of $40.60, secured by respective liens upon the house and furnishings, and in which house the plaintiff and her daughter are living.

"(7) Since the abandonment of plaintiff by defendant, plaintiff has been taking a course in a business college, and has employment at $70 a month, which she does not know yet to be permanent.

"(8) The defendant is employed by the United States government in the Post Office Department at Fort Worth, Tex., and his salary at such place is $216 a month, out of which a payment is taken to cover a retirement fund, leaving him a net salary of $210 per month.

"(9) The defendant refuses to make any further payments on the house and furniture.

"(10) In addition to plaintiff's salary, it will require $105 per month for plaintiff and her child to support themselves and continue the payments on the house and furniture, and it is necessary that such payments be continued to prevent their losing the said house and furniture, and it is necessary that such payments be continued to prevent their losing the said house and furniture by foreclosure.

"(11) The United States Postal Department is not subject to suit in the state courts, and the plaintiff cannot collect by suit any part of her husband's earnings in the hands of the United States Post Office Department, nor will said department pay any of his salary to plaintiff without an order of court.

"(12) The plaintiff has been compelled to borrow from relatives and friends money to live on to supplement the contributions of her husband her since he has abandoned her.

"(13) That defendant has no property subject to execution within this state.

"I conclude:

"(1) That it is necessary to the sustenance and maintenance of life and health by the plaintiff and her daughter that a portion of the earnings of the defendant be paid to the plaintiff.

"(2) I conclude that the sum which is reasonably necessary for such support is $105 plus the earnings of the plaintiff.

"(3) That a receiver is necessary in order to collect said funds, and it is agreed by the parties hereto that, if any order at all will lie in this cause to impound a portion of defendant's salary, a receiver is the appropriate procedure.

"(4) That, unless a receiver is appointed, the defendant will collect this salary and divert the same wholly to his own use, without paying anything to the plaintiff for her support or that of her daughter and without paying the notes upon the house and furniture."

From the judgment so rendered, Stokeley Martin has prosecuted this appeal.

The facts found by the trial judge were alleged in plaintiff's petition, and there was ample evidence to support the findings. In addition to the facts so found, we deem it proper to note that, upon cross-examination by plaintiff's attorney, the appellant testified in part as follows:

"It is a fact that since May 1st I have refused to pay anything to her support except what I state in that letter. You told me when I came to see you that I ought to send her half of my salary, and I wouldn't do it, and I told her I wouldn't do it, and I have maintained that attitude ever since. I told her I had made several propositions. The proposition had always at the bottom of it, if she would give me a divorce; I would do certain things. Otherwise I would refuse to do anything."

Article 4619, Rev. Statutes of 1925, provides that all property acquired by either the husband or wife during marriage, except that which is the separate property of either, shall be deemed the common property of the husband and wife, and during coverture may be disposed of by the husband only. Appellant insists that by reason of that statute the court is without authority to appoint a receiver to collect his salary and pay it over to appellee without his consent. It is also insisted that the order of court was erroneous, in that it was in violation of section 28 of article 16 of the State Constitution and subdivision 16 of article 3832, Rev. Statutes of 1925, which provide that all current wages for personal services shall be reserved to every family exempt from attachment or execution and every other species of forced sale for the payment of debts. Clearly, those provisions have no application here, since the suit is not for the collection of a debt. The point is further made by appellant that

the only remedy given to appellee by law for the wrongs complained of in her petition is such relief as is available to her under the statutes applicable to suits for divorce. The record shows that appellant, with no grounds for a divorce, and having failed to procure one, is trying to compel appellee to procure one, against her wishes; and to sustain the contention last noted manifestly would not only be unjust to her, but would be contrary to public policy.

It cannot be doubted that the salary earned by appellant is community property, and that appellee owns a one-half interest therein. If it be true that appellant can ruthlessly deprive appellee of her interest in such earnings in the manner and under the circumstances found by the trial court, then the ancient maxim that "equity will not suffer a wrong to be without a remedy" is but an empty phrase.

The statute which gives a husband the right of control and disposition of the community property was intended to apply to a husband in fact and not to a husband in name only, and that too upon the assumption that he is better qualified to manage such property than his wife, and that he will manage and dispose of it for the best interest of himself and his family. As appears from the facts found by the trial court, appellant has repudiated his marital and parental obligations to his wife and child. For a long time it has been the rule of decisions in this state that, when a husband abandons his wife and leaves her no means of support, then, notwithstanding the statutory provision noted above, she is empowered to dispose of community property in order to realize means necessary for the maintenance of herself and children, to the same extent as if she were a feme sole. Wright v. Hays, 10 Tex. 130, 60 Am. Dec. 200; Zimpleman v. Robb, 53 Tex. 274; Heidenheimer v. Thomas, 63 Tex. 287. The duty of the husband to provide his family with such support is a necessary incident to the authority given him by statute to control and dispose of community property, and he cannot be heard to claim that statutory right and at the same time refuse the performance of such duty. He cannot in equity claim the right which has been given to him by reason of the marital relation and at the same time repudiate that relation. If by his willful wrongs the wife is deprived of the protection he owes to her under the law, then under the plainest principles of equity she is freed from the ban placed on her by the statute which vests in him the exclusive control and disposition of the community property which is in law chargeable for her support, and in which she owns an undivided half interest, in her own right. Appellee has the legal right to a support for herself and child out of the salary of her husband, and, since her husband, without just cause, has willfully, wrongfully, and ruthlessly denied her that right, and since, without the aid of the court, she is powerless to enforce it, the court clearly has authority to give her relief in the manner decreed, in order to accomplish that result, which was the only method available to the court.

Accordingly, the order of the trial court is in all things affirmed, and the judgment will be certified below for observance.

### On Motion for Rehearing.

It is a settled rule of decision in this state that alimony may be granted a wife who sues for divorce, pending the divorce proceedings, but, if the divorce is denied, the court is without authority in that proceeding to adjust or settle property rights of the parties; that power being given only in the event the divorce is granted. Burns v. Burns, 59 Tex. Civ. App. 549, 126 S. W. 333; Harkness v. Harkness (Tex. Civ. App.) 1 S.W.(2d) 399. It is further settled that the district court is without authority to enter a decree compelling the husband to support his wife when no divorce is sought by her. Trevino v. Trevino, 63 Tex. 650.

In Gonzales v. Gonzales, 300 S. W. 20, it was held by the Commission of Appeals that a wife could not sue her husband to recover money expended by her out of her separate estate for her necessary living expenses, after he had deserted her without cause and had left her no means of support.

The foregoing authorities are stressed by appellant as being in conflict with the decision of this court in the present suit and as showing the conclusions we reached upon original hearing were erroneous.

It is our conclusion that the asserted conflict of decisions does not exist. In the present suit, plaintiff did not seek an order of court, requiring her husband to support her; nor was the suit for a debt claimed to be due her by her husband for money expended by her for her support; nor was the suit one for divorce with prayer for alimony during its pendency, and for settlement of their property rights if the divorce should be granted. The character of her suit was entirely different and distinct from any of those involved in the authorities cited. It was a proceeding in equity to subject one-half of certain community property of herself and husband, to wit, one-half of the wages he was earning, for use in meeting the necessary living expenses of herself and child, after her husband had wrongfully and willfully deserted her and had refused to contribute anything to her support, leaving her and her child entirely dependent for living expenses upon the charity of others. The facts alleged and proven show that the salary which the defendant is earning is community property of himself and plaintiff, and the plaintiff is entitled to one-half thereof, under and by virtue

of the statutes of this state. Since the husband was under the legal duty to support his wife and child out of his separate estate as well as out of community funds, it follows necessarily that in equity he holds at least one-half of such community property in trust for his wife, and, after he had repudiated the trust and all the duties to his wife and child incident thereto, the suit was instituted to subject the wife's half of such community property, to wit, personal earnings of the defendant, to the support of the plaintiff and their child. In other words, the suit was one in equity, and not a suit at law, as were the suits cited by appellant. The same principles of equity were involved in it as those involved and determined in the case of Dority v. Dority, decided by our Supreme Court and reported in 96 Tex. 215, 71 S. W. 950, 60 L. R. A. 941. In that suit, the husband, after deserting his wife but not being divorced from her, undertook to manage and control certain real property belonging to the separate estate of the wife, and was diverting the revenues derived therefrom to his own personal use to the exclusion of his wife, who was in need of the same to defray her necessary living expenses. It was held that the wife was entitled to an injunction to restrain him from so doing. In that case, counsel for the husband invoked the provisions of the statutes then in force, which gave the husband the right to control and manage the separate estate of the wife, also the decision of the Supreme Court in Trevino v. Trevino, supra. It was also insisted that the wife should be denied the relief sought because the husband could be held liable to any one who might furnish her means of support. After reference to the points so made, the following was said by the Supreme Court:

"And if it be true, as held in Trevino v. Trevino, supra, that the wife cannot maintain an action against him to require him to support her, this only strengthens the position that she is entitled to get her support by the proper management of her separate property. Married women may also contract for necessaries and bind their separate property for the prices of them, but why should they be forced, out of respect for supposed rights of husbands, to thus consume the corpus of their estates, when their revenues, properly applied, would supply all needs? The answer is deducible from the decisions that, when the husband totally fails in the discharge of his duty, and so diverts the fruits of the wife's property as to deprive her of the benefits which the law entitles her to receive therefrom through his management, the right and power which the law gives him to enable him the better to discharge the duty is not an obstacle to the granting of such relief as the nature of the case may require. That these rights of the wife may be asserted by herself under some circumstances, without action in the courts, although the marriage is not dissolved, is settled by many decisions of this court. Wright v. Hays, supra; Cheek v. Bellows, 17 Tex. 613 [67 Am. Dec. 686]; Cullers v. James, 66 Tex.

494 [1 S. W. 314]; Fullerton v. Doyle, 18 Tex. 13; Kelley v. Whitmore, 41 Tex. 648; Anna Berta Lodge v. Leverton, 42 Tex. 20; Clements v. Ewing, 71 Tex. 372 [9 S. W. 312]; Hector v. Knox, 63 Tex. 617; Slator v. Neal, 64 Tex. 222; Davis v. Saladee, 57 Tex. 326. While these decisions may not wholly apply to a case like this, where the husband is present asserting control of the wife's property, they do affirm the principle that his right of management is dependent upon the discharge of the duties which go hand in hand with that right, and that the wife during marriage has rights of property of which she may avail herself when the purposes of the law in making the husband the manager of her estate are defeated by his abandonment of the duty. When there has been no abandonment by the husband of his rights and powers as such, it may be true that the wife is not, by the decisions referred to, restored to all the capacities of a feme sole merely by his misconduct; but we think that it is also true that, if the husband has repudiated the duties and is asserting only the rights and powers of his position for selfish purposes, the wife has rights of property which she can enforce in the courts, and, if they can only be adequately enforced by enjoining the husband from controlling her property, that this may be done."

While it is true that what was said in that decision had reference to rents and revenues arising from the separate property of the wife, in principle it applies with equal force to the interest which the wife legally owns in community property, since every element necessary to constitute the trust relation occupied by the husband towards such property exists in both instances alike. Furthermore, under the statutes in force at the time that decision was rendered, the rents and revenues arising from land belonging to the separate estate of the wife constituted community property of herself and husband, although under the Acts of 1913 (chapter 32), passed after that decision was rendered, such rents and revenues were made the separate property of the wife. See Hayden v. McMillan, 4 Tex. Civ. App. 479, 23 S. W. 430, by the Court of Civil Appeals of San Antonio (writ of error refused); De Berrera v. Frost, 33 Tex. Civ. App. 580, 77 S. W. 637. It is to be further noted that the effect of that decision was to award to the wife the entire rents accruing from the land for her support, notwithstanding the same constituted community property in which the husband owned a half interest, since the entire community estate, as well as his separate estate, was liable for her support. And since the primary purpose of that suit was to subject such rents to the support of the wife through a proceeding in equity, what was there said applies with equal force to the present suit, which is likewise an appeal to a court of equity, to subject one-half only of appellant's earnings, which are likewise community property and in which half she is vested with the legal title, to the support of herself and child. And

it is to be noted further that the record in this case shows conclusively that it is impossible for the wife to purchase the necessities of life from others on the credit of the husband. The fact that in the Dority Case relief was granted through the means of a writ of injunction, while in the present suit it was through the means of a receivership proceeding, could not distinguish the two cases.

Accordingly, appellant's motion for rehearing is overruled.