**MARTIN v. MARTIN.** (No. 1262—5295.)

Commission of Appeals of Texas, Section A. June 5, 1929.

Chas. T. Rowland, of Fort Worth, for plaintiff in error.

W. L. Coley, of Fort Worth, for defendant in error.

CRITZ, J. This suit was instituted in a district court of Tarrant county, Tex., by Alameda Martin, the wife, against her husband, Stokley Martin, for a receiver to collect any salary the husband had already earned or might thereafter earn as an employee in the post office at Fort Worth, or in any other service he might thereafter be employed in, and for a decree directing such receiver to turn over to the wife such portions of the salary so paid over as may be necessary for the support of herself and the child of the marriage. Upon a hearing, the trial court, in its original decree, appointed a receiver, with power and authority to receive and collect from the United States Post Office Department or any other employer of the husband the sum of $105 per month, and pay same over to the wife. The receiver was further ordered to continue to collect such sum and turn same over to the wife until further orders of the court. It is shown that at the time such order was made the wife was employed and earning a salary of $70 per month, and the husband's salary amounted to about $210 per month.

It was further shown that the husband and wife were permanently separated about October, 1927. The husband contributed about $80 per month to the wife until about May 1, 1928, at which time he ceased to contribute anything to her support. The wife continued to occupy the home with its furnishings after the separation. There were liens against both the home and its furnishings, and the wife had no way to protect them, and the husband refused to do so.

The husband duly appealed to the Court of Civil Appeals for the Second District at Fort Worth, which court, on July 14, 1928, affirmed the decree of the district court. 9 S.W.(2d) 378. The motion for rehearing was overruled on September 29, 1928. The case is now before the Supreme Court on writ of error granted on application of the husband, which application was filed on October 1, 1928, and granted on January 30, 1929.

After the affirmance of this case by the Court of Civil Appeals, and after the application for the writ of error was filed in the Court of Civil Appeals, but before it was granted by the Supreme Court, the trial court, on December 17, 1928, entered a nunc pro tunc order in place of its original order, as follows:

"On this 14th day of June, 1928, the plaintiff, Alameda Martin, appeared in person and by W. L. Coley, her attorney. The defendant Stokley Martin, in response to the order of the Court made on the 11th of June, that the defendant appear and show cause why a receiver should not be appointed as prayed in plaintiff's petition, appeared in person and by his attorney, Charles T. Rowland, and filed his demurrer, exceptions and answer to plaintiff's petition.

"The Court having granted leave to the plaintiff to file a trial amendment, which was filed immediately and having heard the argument of the counsel and being fully advised in the premises, overruled defendant's demurrer and exceptions as same applied to the prayer of plaintiff's petition for a receiver to which order, defendant, by his counsel duly excepted.

"Thereupon the Court heard the evidence of witnesses both on behalf of the plaintiff and the defendant, sworn and examined in open Court, finds that the law and facts are for plaintiff.

"It is therefore ordered, adjudged and decreed that the prayer of Plaintiff's petition for the appointment of a receiver be, and is hereby sustained; and the Court does hereby appoint Charles Reno, as such receiver and does order that he execute a bond in the sum of $2,500.00, payable to the defendant Stokley Martin, conditioned that he will faithfully do and perform all the duties of such receiver under the direction and order of the Court and that he will render true reports of his acts and doings as such receiver together with a statement of all money received and distributed from time to time as he shall be ordered so to do by the Court, until he shall be fully and finally discharged by the Court and the Court does hereby order, direct and empower him as such receiver to collect, receive and receipt for the wages or salary of the defendant, Stokley Martin, in the sum of $105.00 per month, from the United States Post Office Department or from any other employer by whom he may be employed, and said receiver is hereby authorized to receive and receipt for such amount of the salary of said Stokley Martin, defendant, herein, in the name of said Stokley Martin by said Charles Reno as such receiver, and said re-

ceiver is hereby directed to distribute same to the plaintiff, Alameda Martin and that he so continue until the further order of this court.

"It is therefore ordered, adjudged and decreed by the court, that in case the United States Post Office Department or any other employer by whom the said defendant, Stokley Martin, may be employed, shall fail, neglect or refuse to pay, the said sum of $105.00 per month to the said Charles Reno, Receiver, as above provided, and shall pay the same to the Defendant, Stokley Martin, the said Stokley Martin is hereby ordered to deliver to said Charles Reno, Receiver, said sum of $105.00 per month, as the property of the Plaintiff, Alameda Martin, and in case said money shall come into the hands of said Stokley Martin, Defendant, in weekly or semimonthly payments, said Stokley Martin is hereby ordered and directed to pay over one-half thereof to the said Charles Reno, Receiver, as the property of the Plaintiff, Alameda Martin, and to be accounted for by said Charles Reno, Receiver, as in this decree provided.

"The defendant by his attorney excepts to the findings of facts and conclusions of Law, filed by the Court in this cause and excepts to the decree of the Court and gives notice of appeal to the Court of Civil Appeals for the second Supreme Judicial District for the State of Texas.

"[Signed] H. S. Lattimore, Judge. "Entered nunc December 17, 1928, pro tunc June 14, 1928."

It seems that the Post Office Department refused to pay the husband's salary to the receiver appointed as above shown, but continued to pay same to the husband. It also seems that the husband, who is appealing on a cost bond alone, failed to pay over to the receiver any of his salary as required by the nunc pro order above set out, and on December 20, 1928, the wife filed a motion for contempt in the trial court. The trial court acted on this motion to the extent of ordering the clerk to issue notice to the husband to appear before said trial court on December 29, 1928, to show cause why he should not be adjudged in contempt in the matters as set out in the complaint. The trial court has never heard or passed on the contempt motion, but passed same on the oral agreement of the husband's counsel, that, rather than subject the husband to a commitment for contempt, the husband would obey the nunc pro tunc order and pay the receiver one-half of his wages until such time as the Supreme Court should make an order on the husband's petition for writ of error. The Supreme Court passed on and granted the application on January 30, 1929. After the granting of said writ of error, the husband has refused to pay to said receiver the one-half of his salary.

On February 12, 1929, the wife filed another contempt motion before the trial court, and the trial court acted on this motion to at least the extent of directing the clerk to issue notice to the husband directing him to appear before said court on February 23, 1929, and show cause why he should not be held in contempt in regard to the matters set out in the complaint.

On February 18, 1929, the husband filed in the Supreme Court a motion in which the above proceedings were made known to the Supreme Court, and prayed this court to enter a stay order against all parties concerned holding all matters in statu quo pending final decision of the case by this court. On the same day the Supreme Court entered its decree staying further proceedings in the district court pending its decision on this appeal.

On March 4, 1929, the wife filed in the Supreme Court a motion to modify the above stay order and require the husband to give bond pending a decision of the case by this court.

The record shows that no suit for a divorce is pending, and that the only relief granted in the original judgment was a decree appointing a receiver to collect one-half the wages of the husband as a government employee, and turn same over to the wife. The nunc pro tunc decree in effect is a mandatory injunction ordering and compelling the husband to pay the receiver one-half his wages, amounting to $105 per month, until the court shall direct otherwise.

The husband attacks the holdings of the Court of Civil Appeals sustaining the judgment and decree of the trial court on numerous grounds.

In our opinion, the wife's petition is bad on general demurrer. We think this is true for numerous reasons, but we only consider it necessary to state three.

■ First. The suit is plainly an effort on the part of the wife to collect money in the nature of alimony from the husband when no suit for a divorce is pending. Such an action cannot be maintained under our laws;

■ Second. It is an effort to partition between the husband and wife, as community, property not yet even acquired; in fact, it amounts to an effort to partition as community the personal earnings of the husband before they have been earned, and at a time when no divorce proceedings are pending or have been had; and,

Third. It is an effort to compel the husband to provide for the care and support of the wife in advance, when no divorce proceedings are pending, and this by the court attempting to take charge of property, which is the husband's personal earnings, before it is even acquired.

As to the first reason, our statute (article 4637, Rev. Civ. St. 1925) provides for the allowance of alimony pending suit for divorce, and until final decree is entered. This statute

is exclusive in its very nature, and no alimony can be decreed by any court in this state except under its express terms.

As to the second proposition, we know of no authority, and have been cited to none, authorizing the partition of community property between the husband and wife except in a divorce proceeding as provided under article 4638, Rev. Civ. St. of Texas 1925, or under the general laws pertaining to partition and settlement of partnership and property rights, which apply after divorce proceedings have been had.

■ As to the third proposition, it has been settled by our Supreme Court that a wife cannot maintain a suit against her husband to compel him to support her. Trevino v. Trevino, 63 Tex. 650. Also it has been held, where a husband deserted the wife, and provided her no means of support, and she paid out of her separate estate what was necessary for her living and sued her husband to recover the sum so expended, that such an action cannot be maintained; the sole right of the wife under such circumstances being conferred by Rev. Civ. St. 1925, articles 4628–4641, providing for divorce, and articles 4613, 4621, 4623, making wife agent of husband to necessaries and making his separate property liable for such debts, etc. Gonzales v. Gonzales (Tex. Com. App.) 300 S. W. 21.

The Court of Civil Appeals cites the case of Dority v. Dority, 96 Tex. 215, 71 S. W. 950, 60 L. R. A. 941, in support of its decision upholding the decree of the trial court in the case at bar. In our opinion the Dority Case is authority to the contrary. It expressly refers to and approves the Trevino Case, supra, holding that the wife cannot maintain a suit to require her husband to support her. After mentioning the Trevino Case and several others, Judge Williams, speaking for the Supreme Court, in the Dority Case, expressly holds: "It will therefore be assumed, for the purposes of this decision, that, besides actions for divorce, the only ones which a wife may maintain against the husband are those which are founded upon her title to her separate property and are incidental to it." The decision in the Dority Case, so far as it may be pertinent to this case, as therein stated, is grounded on the proposition that, "When the husband, by non-performance of his duties and the abuse of his powers, has defeated the purposes of the law in conferring the right to manage the wife's property, that right should not be allowed to stand in the way," of giving the wife relief, and "that when the husband totally fails in the discharge of his duty, and so diverts the fruits of the wife's property as to deprive her of the benefits which the law entitles her to receive therefrom through his management, the right and power which the law gives him to enable him the better to discharge the duty is not an obstacle to the granting of such relief as the nature of the case may require." In the Dority Case the question involved was the right of the husband, after permanent separation, under the laws then in force, to manage and control the wife's separate land, when the facts showed that he had totally failed to discharge his duty and was so diverting the fruits of the wife's separate property as to deprive her of its benefits which the law entitles her to receive therefrom through his management. Under the record in that case the Supreme Court held the husband could be enjoined from interfering with the wife's property. In other words, it was held that the husband, in exercising the authority then given him by the statute to manage the separate property of the wife, is in some sense a trustee, and that the wife may maintain a suit in equity against him to prevent an abuse of such trust. No such case is shown here.

We do not deem it necessary to pursue this discussion further. The statement we have made of this case shows that the only means the court has to enforce the decree entered by it is by contempt proceedings, by taking the body of the husband and placing him in jail. We find no such authority or remedy provided for under our statutes, either express or implied.

We recommend that the judgment of the Court of Civil Appeals and all judgments and decrees of the district court be reversed, and judgment here rendered in favor of the husband, Stokley Martin, denying the wife, Alameda Martin, all relief prayed for by her. Such a judgment disposes finally of all matters involved in this appeal.

CURETON, C. J. Judgment of the Court of Civil Appeals and all judgments of the district court are reversed, and judgment rendered for plaintiff in error, as recommended by the Commission of Appeals.