## FLYNN v. FLYNN. (No. 8292.)

Court of Civil Appeals of Texas. San Antonio. Dec. 4, 1929.

Fulbright, Crooker & Freeman, of Houston, for appellant.

T. H. Stone, Soule & Barnes, and John L. Meany, all of Houston, for appellee.

FLY, C. J. The allegations in the original petition, filed by appellee, present a rather unique case, although depicting some quite well-recognized facts in connection with an old bachelor taking his mature bride into a home theretofore ruled over by a maiden sister of the husband. Appellee alleged that she was married to appellant on December 24, 1928, in the city of Houston, "and that they lived together as husband and wife for two (2) days immediately after such marriage." She alleged that, after this brief season of connubial bliss, appellant, on the third day after the marriage, brought her to his home, where he had "planned and conspired with his sister, by which and wherein, his sister would receive her at his home in an impossible and insupportable manner to this plaintiff." That the first words by such sister to plaintiff when she entered into the home of her husband at the said 2212 Gano street were, "I am boss here and you will never be boss in this house." The husband immediately, after the old-maidenly reception given by his sister to his wife, stated he was ill and cold, and wanted the house warmed. The wife was a trained nurse, and set about making things comfortable for appellant, but he informed her that he did not need her services, but that his sister would take care of him. It was alleged that he sent her to a nearby friend's house, where she spent the night, and next morning was informed that appellant had left her $100, and that he wanted her to go to New York and remain there until she heard from him. On the eighth day after her arrival in New York she received a letter from appellant "in which it was stated that he never wanted to see her, and that he would give her the worst whipping she ever got wherever and whenever he met her." Appellee immediately left for Houston, and pleaded with appellant to prepare a home for her in which the sister would not be quartered. She alleged that appellant made no response to her appeals, but ignored her. She sought the appointment of a receiver to take charge of and disburse the wages that appellant received as a locomotive engineer in the employment of the Southern Pacific lines of railway. Appellant answered with general and special exceptions and a general denial. The court heard the evidence, enjoined appellant from collecting any part of his wages, appointed a receiver to collect and disburse said wages, paying $100 of the same to appellee, the balance to be paid to appellant. No divorce was sought.

The case of Martin v. Martin (Tex. Com. App.) 17 S.W.(2d) 789, 791, is directly in point, and is absolutely decisive of the matters involved in this case. In that case the wife, as in this, sought the appointment of a receiver,

empowered to collect and divide the salary to be earned by her husband between him and the wife. The district court granted the prayer of the wife, and on appeal to the Court of Civil Appeals of the Second District the judgment was affirmed, 9 S.W.(2d) 378. A writ of error was granted by the Supreme Court, and in the opinion of the Commission of Appeals, adopted by the Supreme Court, it was held: "The suit is plainly an effort on the part of the wife to collect money in the nature of alimony from the husband when no suit for a divorce is pending. Such an action cannot be maintained under our laws. * * * It is an effort to partition between the husband and wife, * * * as community the personal earnings of the husband before they have been earned, and at a time when no divorce proceedings are pending or have been had; * * * It is an effort to compel the husband to provide for the care and support of the wife in advance, when no divorce proceedings are pending, and this by the court attempting to take charge of property, which is the husband's personal earnings, before it is even acquired." For the reasons given the court held the petition subject to general demurrer.

The 48-hour bride in this case was a trained nurse of great experience, but she does not seem willing to prosecute her profession any longer, but seeks to impound the present and future wages of the husband and live on them, while she enjoys her leisure, whether earned or not. She cannot do this under the law.

The judgment will be reversed, and judgment here rendered that appellee take nothing by her suit.