### COHEN v. COHEN.
### No. 4384.

Court of Civil Appeals of Texas. El Paso.
June 1, 1944.

Simon & Simon, of Fort Worth, for appellant.

D. A. Frank, of Dallas, for appellee.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of Dallas County. As plaintiff, Joseph Cohen sought an injunction against his wife, Kathryn B. Cohen, defendant. The judgment granting the injunction on final hearing was rendered by consent of the defendant. This judgment further provided that the defendant, Mrs. Cohen, have judgment against the plaintiff in the sum of four hundred dollars to be paid to her attorney, D. A. Frank, and the clerk was authorized to receive and disburse same to D. A. Frank. By the terms of the judgment ten days were allowed for payment of the amount awarded into court, and upon failure to pay within the ten days, it is provided that execution issue in behalf of the defendant. Mrs. Cohen in her answer had prayed that she be allowed reasonable attorney's fee for the defense of the action brought by her husband. The plaintiff, Joseph Cohen, has appealed from the portion of the judgment awarding attorney's fees.

The parties will be hereafter respectively designated as plaintiff and defendant.

On May 25, 1943, plaintiff, describing himself as temporarily residing in Dallas County and defendant as a transient, to be found in Dallas County, filed suit seeking a temporary injunction against defendant and likewise praying for permanent injunction on final hearing. The petition alleged that there was then pending in California an action for divorce between plaintiff and defendant wherein each sought a divorce; that plaintiff, with others, was engaged in Dallas County in the manufacture of aircraft parts, and that the defendant had interfered with the employees of such enterprise, harassed and worried them, spied upon the business in which plaintiff was engaged and unlawfully interfered with the business and plaintiff's conduct thereof. This is a mere general statement of the petition, which is detailed and specific. Among other things, certain interlocutory relief was set up as having been awarded the defendant here by the California Court, and that the California Court had issued an injunction against defendant Mrs. Cohen in the same general terms as the injunction sought in the Texas Court by plaintiff.

On June 17, 1943, defendant filed answer denying the material allegations of plaintiff's petition in detail; further alleged that by the unlawful acts of plaintiff she had been compelled to incur expenses; among other things, set up that it had been necessary for her to employ D. A. Frank, an attorney, to represent her, and prayed the court to make a reasonable allowance for his fee for services rendered and to be rendered.

On June 12, 1943, the court heard the application for temporary injunction. On this application it was ordered that plaintiff pay to defendant one hundred and fifty dollars, representing her expenses during the litigation and her return trip to Los Angeles, her home. There was no finding

on her prayer as to allowance of attorney's fees but as to same it was ordered that the judgment be without prejudice; further that upon plaintiff paying the $150 allowed and filing bond in the sum of $200, temporary injunction issue restraining defendant from going upon the property where the business of plaintiff and his associates was conducted and from communicating by telephone or otherwise with plaintiff or with the employees of plaintiff and his associates in business.

On July 18, 1943, a petition of intervention was filed by D. A. Frank, setting up his legal services to defendant and that same were necessary to her, and asked the court to allow him a reasonable fee. Plaintiff thereafter answered to the plea of intervention of D. A. Frank by way of plea of abatement and to the merits.

It does not appear from the transcript that leave was ever granted to file the plea in intervention, and it does not appear that same was ever called to the attention of the court.

On July 18, 1943, defendant filed a motion praying that the temporary injunction theretofore granted against her be made permanent. This, however, upon condition that plaintiff pay her the award allowed for her expenses and the court fix a reasonable attorney's fee for her attorney and plaintiff pay same.

On August 9, 1943, the court finally heard the case. Judgment was entered reciting the payment by plaintiff to defendant of the $150 expense money, the agreement in open court as to the granting of permanent injunction, and granted same, allowed an attorney's fee to defendant in the sum of $400 for the use and benefit of D. A. Frank.

Nowhere in the record is there any disposition of the so-called intervention of D. A. Frank, unless it can be said that the judgment entered as to the attorney's fee, in effect, granted the relief prayed for in the plea of intervention.

We think the position of appellant as evidenced by the points in his brief may be fairly summarized as follows: That the court was without jurisdiction or power to enter the assailed portion of the judgment.

Appellee contends that the legal services were necessaries for which the husband was legally bound to pay, and she was entitled to recover same in this proceeding for the use and benefit of her attorney.

■ A husband failing and refusing to supply necessaries to his wife is liable to one furnishing same to her. Article 4623, R.S. 1925; Black v. Bryan, 18 Tex. 453; Euchey v. Adam Schaaf, Inc., Tex.Civ.App., 7 S.W.2d 168.

■ This liability arises from his failing in duty to provide same, but she cannot maintain an action against him for such breach of duty. The right of action is vested in the party furnishing same. Trevino v. Trevino, 63 Tex. 650; Gonzales v. Gonzales, 117 Tex. 183, 300 S.W. 21; Martin v. Martin, Tex.Com.App., 17 S.W. 2d 789.

■ Under the facts as presented by the record, there is little doubt that the legal services rendered were necessary and that the evidence sustained the finding that same were reasonably worth four hundred dollars. It is our view of the matter that if, in a proceeding other than a divorce case, legal services be required on behalf of a wife, even though on account of her misconduct, that same may be classed as a necessary, possibly excepting crimes against her husband.

The question here presented is, may a wife recover for the use and benefit of one furnishing her necessary legal services? There is not presented the question of whether the one performing such necessary legal services for the wife may recover in his own right against the husband. Much that has been urged by appellee would have application here were this a suit by D. A. Frank against the appellant. The fact is, we think, that the plaintiff and defendant were each liable for the services rendered if same were necessary. Article 1984, R.S. 1925.

■ An attorney's fee may be recovered in a divorce suit but need not necessarily be claimed therein. McClelland v. McClelland, Tex.Civ.App., 37 S.W. 350; Ceccato v. Deutschman, 19 Tex.Civ.App. 434, 47 S.W. 739.

The first case cited above is where the attorney's fee was recovered in the divorce action; the second where an independent suit was filed therefor by the one rendering the services.

This action was not a divorce case. It was an action to protect plaintiff from

molestation by his wife in his business and personal affairs. We are not concerned with the determination of whether plaintiff was or was not entitled to maintain such an action.

Appellee's position is that it is not ancillary to the divorce action pending in California, where plaintiff and defendant each seek a divorce. Her position is that the services were necessary and she is entitled to recover the reasonable value thereof for the benefit of the attorney rendering same.

Appellee has cited no case in Texas, aside from divorce cases, where the wife may recover necessary attorney's fees in behalf of the attorney rendering same. Where such allowance was made, it was in cases for divorce pending before the court making the allowance. In the case of Ashworth v. Edwards, Tex.Civ.App., 5 S.W.2d 776, it was held in a divorce case the attorney rendering the service might present the matter by motion in the case. The judgment in favor of the attorney was reversed and remanded. There the wife had abandoned the litigation, and it was incidental to the final judgment in the divorce action.

Varn v. Varn, 58 Tex.Civ.App. 595, 125 S.W. 639, is another instance where a wife recovered attorneys' fees on behalf of her attorneys. There the husband had dismissed his suit.

The case of Turner v. Turner, Tex.Civ. App., 204 S.W. 133, is relied upon as supporting the allowance of this fee. The court there approved an injunction protecting a wife against conveyance of community property in Texas where the divorce was pending in California. In the case reference was made to the Texas divorce statutes authorizing injunction for the protection of the wife's property interests in Texas. Judge Speer criticizes the opinion in this respect. Speer, Law of Marital Rights, 3rd Ed., p. 750, 757.

The case we think was unquestionably correctly disposed of. We entertain little doubt, however, that aside from the Texas divorce statute there was power and jurisdiction for the trial court to grant the injunction for the protection of the wife's right in the community.

In the cases allowing the wife attorney's fee in divorce proceedings, good cause on her part in the institution of a suit or the defense thereof was a determinative factor. This issue was determined at the time final judgment was entered terminating the divorce proceeding. It is not meant that during the pendency of a divorce case the court has not the power to make interlocutory orders compelling the husband to provide funds for the legitimate legal expenses of the wife. In such cases the matter may be equitably adjusted in the final decree upon the division of the property.

Here, the decree is final. The court rendering same has lost all jurisdiction over the case. The Texas court had no power to determine whether appellee had good cause for the institution of the divorce suit in California or good cause for defending same.

The pendency of the divorce case in California gave the Texas court no additional jurisdiction. Action of the Texas court is not binding on the California court if it ever determines the question of attorneys' fees.

 It is our view that in litigation between husband and wife, except in divorce cases and in contract cases where there is a contract for attorney's fee, there is no law authorizing the wife to recover on behalf of the attorney representing her his reasonable fee against her husband. Gonzales v. Gonzales, 117 Tex. 183, 300 S.W. 21.

The proposition holds true even though such services be held to constitute necessaries. Her unsuccessful effort to recover fees on behalf of her attorney would not debar such attorney from maintaining a cause of action therefor against the husband or the husband and wife.

It is ordered that the judgment of the trial court be reversed as to the attorney's fee allowed, and judgment is rendered that appellee's claim therefor be dismissed.