**Marjorie RADER, Appellant,**

**v.**

**Daniel L. RADER, Appellee.**

**No. 16396.**

Court of Civil Appeals of Texas.

Dallas.

April 17, 1964.

Rehearing Denied May 8, 1964.

Tobolowsky, Hartt, Schlinger & Blalock, Grover Hartt, Jr., Dallas, for appellant.

Wm. Andress, Jr., Dallas, for appellee.

WILLIAMS, Justice.

With no divorce suit pending appellant wife sued appellee husband in the Juvenile Court of Dallas County, Texas alleging that he had failed to support her and the two minor children and prayed that the court should require him to do so. The second count of her petition alleged a cause of action against appellee and a third party for alienation of affection. This portion of the case was severed by the trial court and the final order of the court dismissing that suit has been disposed of by us this date in Rader v. Rader, et al., 378 S.W.2d 371.

The trial court entered an order fixing child support payments but made specific provision in its order that "no portion of the money shall be considered as support for the plaintiff Marjorie Rader." The trial court dismissed appellant's claim for support and such order is the sole basis of this appeal. The only question presented to us whether the Juvenile Court of Dallas County may take cognizance of a cause of action by a wife against a husband to whom she is still married and against whom no divorce proceedings were pending, to fix an amount for the exclusive support of the wife which the husband would be required to pay. Appellee has not appealed from the order of the court fixing the amount to be paid for the support of the children.

Appellant concedes that the law applicable to this case is contained in the decision of the Supreme Court of Texas in Trevino v. Trevino, 63 Tex. 650, decided in 1885, wherein the court said:

"The real object of this suit is to compel a husband to support a wife whom he has abandoned, and who is not seeking a divorce. If the plaintiff were suing for divorce, her remedy would be complete. R.S., Arts. 2860–2870. Or if she owned real estate, and her husband were improperly appropriating the revenues, she would have a somewhat restricted remedy; but not in the district court. R.S. Art. 2856. But in the present case the wife appears to have no remedy—at least in this form of action."

In 1927 the Commission of Appeals in Gonzales v. Gonzales, 117 Tex. 183, 300 S.W. 20, again pointed out the lack of authority of the wife to sue her husband for support. The court there discussed other remedies provided by the Legislature, saying:

"The remedies thus afforded may be thought to be inadequate, but the answer is that the state, whose function it was to deal with the matter, has judged of it and granted what it desired to give and has withheld all else."

Appellant strenuously argues that Trevino v. Trevino, supra, should not stand as the law in Texas because such decision results in appellant having no remedy whatsoever in a situation of this kind and would force and compel her to file divorce action to secure relief. Assuming to be true all that appellant says in her complaint against appellee, we may have the deepest sympathy for her plight yet her plea for remedy is made to the wrong forum. "It is the proper function of the court to interpret the law and not to make the law," said Lord Bacon long ago. This fundamental precept of our system of gov-

ernment is reiterated by our Supreme Court, in Turner v. Cross and Eddy, 83 Tex. 218, 224, 18 S.W. 578, 579, 15 L.R.A. 262, wherein Chief Justice Stayton said:

"It is the duty of a court to administer the law as it is written, and not to make the law; and however harsh a statute may seem to be or whatever may seem to be its omission, courts cannot, on such considerations, by construction restrain its operation, or make it apply to cases to which it does not apply, without assuming functions that pertain solely to the legislative department of the government."

Since the decision of Trevino v. Trevino, supra, in 1885, the Legislature of Texas has met in regular and special sessions numerous times but such body, in its wisdom, has never seen fit to grant to the wife, not seeking a divorce the right denied her in Trevino. The trial court did not have the right to grant the relief sought by appellant and correctly dismissed the suit.

The judgment of the trial court is affirmed.

Affirmed.